## W. W. TUTTLE ET AL. V. ROBERT MOODY & SON.

### No. 1604. Decided December 12, 1906.

In an action based on defendant's failure to furnish sufficient water for plaintiff's cattle, which he was pasturing, whereby they brought less on the market, it was shown that other cattle of his herd, pastured elsewhere, brought even less. A witness in charge of the latter pasture was properly permitted to testify that there was no deficiency of grass or water there, over the objection that he had no knowledge of defendant's pasture to entitle him to make a comparison. (Pp. 240, 241.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Hemphill County.

Tuttle & Harrell sued Moody & Son and had judgment for a small amount from which they prosecuted error. The judgment being affirmed by the Court of Civil Appeals, they obtained writ of error from the Supreme Court.

*H. G. Hendricks* and *Veale, Crudgington & Bailey,* for plaintiffs in error.—The inquiry or rather the issue as to the similarity of the conditions in the Woodward and in the pasture in question became very material because it was sought to show that cattle owned by the appellants in the Woodward pasture and shipped there out of the same herd of cattle as those in appellees' pasture weighed on an average less on the market in Kansas City than those pastured by appellees, and it seems to us well settled that in order to make this comparison it must have been shown that the grass and water were exactly alike in both pastures as to quantity, quality and distribution and certainly such could not be done by a witness who confessed that he had never been inside of the Hemphill County pasture.

*H. E. Hoover, Willis & Willis* and *Davis & Thomason,* for defendants in error.

WILLIAMS, ASSOCIATE JUSTICE.—This writ of error was granted because of apparent error in the admission of certain testimony of the witness Walsh at the trial in the District Court, but the record, when understood, fails to show that there was error.

The action was for damages for breach of a contract whereby the defendants agreed to pasture cattle for the plaintiffs in order to fatten them for market, furnishing for the purpose sufficient grass and water. The breach alleged was the failure to furnish sufficient water. One of the consequences averred to have resulted was that the cattle did not fatten and increase in weight as they would have done and therefore sold for less money than they would have brought had the contract been performed.

It was shown during the trial that some of the same herd were grazed during the same time in another pasture in Oklahoma about one hundred miles from that of the defendants; that they were afterwards shipped to the same market at or about the same time with those in question

and that they were not in as good condition and did not sell as well as the latter.

The witness Walsh was in charge of the Oklahoma pasture and was introduced to show that there was no deficiency of grass or water in that pasture to account for the condition of the cattle there grazed. Substantially all of the testimony he gave upon the subject is set out in the bill of exceptions and the objection was urged to the whole on the ground that it was irrelevant and immaterial, and that "no proper standard of comparison between the Moody pasture and the Woodward pasture had been established and that the same was not a proper subject for expert testimony and the witness not qualified to speak thereof." This objection seems to have been based upon the witness' statement that he knew nothing of the character of the defendants' pasture beyond a general knowledge of the character of the range throughout that region. An objection like that urged raises only the question whether or not any of the testimony objected to en masse is admissible. Some of it, at least, was relevant to the issue made by plaintiffs as to whether or not an insufficiency of water in defendants' pasture was the cause of the condition of the cattle grazed therein. The witness made no comparison between the two pastures nor gave any opinion based upon a comparison, but, in the testimony stated in the bill, testified to the condition of the one of which he had knowledge. Other evidence having been admitted tending to show the condition of both lots of cattle, when sold, this was relevant to show that such condition of the cattle grazed in the Woodward pasture was not due to any such cause as plaintiffs alleged to have existed in the Moody pasture and to have caused the condition of the cattle grazed therein. Its tendency was to show that the cattle in question were not injured in the manner alleged by plaintiffs and its weight was to be determined by the jury. The other questions also were correctly decided by the Court of Civil Appeals.

*Affirmed.*