## BURKS v. DALLAS RY. & TERMINAL CO.

### No. 12346.

Court of Civil Appeals of Texas. Dallas.

March 26, 1938.

Rehearing Denied May 21, 1938.

Vaughan & Work and White & Yarborough, all of Dallas, for appellant.

Burford, Ryburn, Hincks & Charlton, of Dallas, for appellee.

YOUNG, Justice.

This suit in the trial court involved certain injuries to the minor plaintiff, Leland Ivan Burks, sustained by coming in contact with a passenger bus of defendant, Dallas Railway & Terminal Company, the place of collision being on Saner avenue, near the intersection of Arizona street in the city of Dallas. The findings of the jury in answer to some 30 special issues acquitted appellee of negligence in the operation of its bus; that plaintiff's injuries were not received by being struck by the bus; and that the sole cause of said injuries was the result of plaintiff's failure to look out for vehicles in the street at said time and place. There was also a finding that the injuries in question were the result of an accident. Damages were fixed in the sum of $800, and upon a judgment for appellee after the jury verdict, this appeal is taken.

 Referring to the parties as in the trial court, it must be conceded that the plaintiff there had the burden of establishing actionable negligence on the part of defendant, proximately causing the injuries complained of; otherwise, judgment should properly be for the defendant, and this regardless of the acts or omissions of the plaintiff as the sole cause of the collision and attendant results. If there was testimony under which the jury could have answered favorably to defendant the material issues concerning it, the charge being proper as to such elements of plaintiff's cause of action, then it was the duty of the trial court to render judgment thereon adversely to plaintiff. In various assignments of error, plaintiff presents phases of the evidence under which it is contended that defendant's driver was uncontradictedly negligent, along with alleged errors of the trial court in instructions and issues involving said plaintiff's conduct—he being a 4½ year old minor child. However, as urged by defendant, any alleged errors of the court as to same or as to the issue of "accident" vel non became immaterial if the defendant was not negligent. Did the portion of the verdict which finds the defendant without fault have support in the testimony before the jury? If so, we are not authorized to disturb the answers of such fact-finding body. "We are required under well-established rules to look most favorably upon the testimony tending to support the jury's findings, and under that test to uphold those findings if they appear to be founded upon material and substantial evidence * * *." Moore v. Marines et ux., Tex.Civ.App., 269 S.W. 825, 826. To issue No. 18, for example, the jury answered "no" to the inquiry as to whether defendant's bus driver discovered plaintiff's position of peril in time so that thereafter, in the exercise of ordinary care in the use of means at hand, etc., the collision could have been avoided. Ample facts are in the record to justify said answer. Aside from disinterested witnesses on the point, the bus driver testified in part: "The first time I saw this little boy he ran across the street up something like the middle of the block, from the North to the South side, and at that time I had crossed Arizona Street and was something like 30 feet, I will say, from him. At that time I sounded the horn. The boy then stopped on the South side of the street, and when I got up to within something like 6 or 7 feet of him, why, he just ducked his head and started back right in front of the bus. The front of my bus lacked some 6 or 7 feet being even with him, and he started right out into the bus, and when he started I set the bus down and he ran against the fender and stuck his foot right out in front of it, his right foot out in front of the wheel just as I set the bus down. To set the bus down, I applied all the brakes I had, locked the wheels * * *."

True, such witness by deposition gave testimony which, standing, alone, might be susceptible of the construction that he saw and realized the peril of the plaintiff in ample time to have avoided the collision, but the jury, within their province, considered the evidence of such witness as a whole, and an issue of fact was thus raised and decided favorably to the defendant.

Further, we do not find any conflicts in the verdict of the jury, as contended by plaintiff; all findings being well within the evidence. Therefore, upon full consideration of all assignments, we conclude that they should be each overruled. The judgment of the trial court is affirmed.

Affirmed.