BAKER v. WALSTON, Sheriff, et al.

No. 10719.

Court of Civil Appeals of Texas.
San Antonio.

April 24, 1940.

Rehearing Denied June 12, 1940.

Wm. E. Davenport, and T. R. Johnston, both of San Angelo, for appellant.

Sam McCollum of Brady, Frank Hartgraves, and T. A. Scruggs, both of Menard, and Upton & Upton, of San Angelo, for appellees.

MURRAY, Justice.

This suit was instituted by Mary Baker against Cecil Walston, Sheriff of Menard County, and the sureties on his official bond, J. M. Treadwell, H. H. Wheless and F. L. Seiker, to recover damages allegedly sustained by her as the result of the death of her son, Lenzie Baker, who died from suffocation in the Menard County jail.

Lenzie Baker was a prisoner and lawfully confined in the Menard County jail. A mattress in the run-around of the jail caught on fire on the night of February 4, 1939. Baker and one other prisoner were locked in the steel cells of the jail and were suffocated by the smoke. Cecil Walston was sheriff of Menard County at the time, and the prisoners were at least constructively in his custody.

The trial was to a jury and the following constitute the findings of the jury, to-wit:

1. On the night of February 4, 1939, all windows and doors of the Menard County jail were closed.

2. On the night of February 4, 1939, the Menard County jail was properly ventilated.

3. The lack of proper ventilation, if any, did not constitute negligence on the part of Cecil Walston, nor was same the proximate cause of the death of Lenzie Baker.

4. On the night of February 4, 1939, Cecil Walston, or his deputy, knew the cotton mattress was in the run-around of the Menard County jail.

5. Cecil Walston and his deputy were not guilty of negligence in leaving the cotton mattress in the run-around of the jail on that night.

6. Such negligence, if any, was not the proximate cause of the death of Lenzie Baker.

7. The failure of Cecil Walston to keep a guard at the Menard County jail on the night of February 4, 1939, did not constitute negligence on his part.

8. Such negligence, if any, was not the proximate cause of the death of Lenzie Baker.

9. Neither Cecil Walston, nor his deputy, could have foreseen, by the exercise of ordinary care, that the mattress in question would catch on fire.

10. Neither could they have foreseen, by the use of ordinary care, that such fire

would cause the death or injury of Lenzie Baker.

11. The death of Lenzie Baker was not the result of an unavoidable accident.

12. Lenzie Baker did not set fire to the mattress on the night of February 4, 1939.

13. Clayton Kirk (the other prisoner) and Lenzie Baker acting together, did not set fire to the mattress in the run-around of the jail on the night of February 4, 1939.

14. Lenzie Baker, in the exercise of ordinary care, under the facts and conditions as they were found by the jury to exist on the night of February 4, 1939, could have prevented his death, and that the failure to do so constituted contributory negligence on the part of Lenzie Baker.

15. Mary Baker sustained no damages by reason of the death of her son.

Judgment was rendered and entered based upon these findings and Mary Baker has prosecuted this appeal.

■ Appellees in their answer set up as a defense the contributory negligence of the deceased, Lenzie Baker. Appellant's first contention is that such answer was subject to general demurrer. We overrule this contention. The evidence shows that the prisoners were allowed to stay in the run-around of the jail during the day but were locked in the cell in the middle of the jail during the night. There were several mattresses in the jail and the prisoners were allowed to use these mattresses as they saw fit during the day. They were also allowed to open and close the windows as they might choose. Of course, after they were locked in the cell they could not then move any mattress which might be in the run-around, neither could they then open or close the windows. They could only do these things before they were locked in the cell. There was also running water and buckets in the cell, which might have enabled them to extinguish the fire after it was discovered. Such matters presented questions of fact for the jury to decide from a preponderance of the evidence. Appellant contends, in effect, that the sheriff should have foreseen that the windows should be raised and the mattress should have been moved. By the same token the prisoners should have foreseen these matters and have attended to them before they were locked up for the night. The jury determined these matters favorably to the sheriff and his bondsmen, and the pleadings setting up such defenses were not subject to either general or special demurrer.

■ Appellant next contends that the sheriff was negligent in not having a guard at the jail throughout the night to look after the safety of the prisoners. It is not shown that the county had furnished any quarters which a guard might occupy over night, neither is it shown that the commissioners' court of the county had authorized any salary for such a guard, and in the absence of a showing of these matters the sheriff of the county would not be guilty of negligence in this particular.

■ Appellant next complains because in the definition of proximate cause the term "new and independent" cause is used and defined. We overrule this contention. Under the facts in this case the jury may have regarded the catching on fire of the mattress as a "new and independent cause" and therefore it was proper to define the term. Gunther v. Johnson, 36 App.Div. 437, 55 N.Y.S. 869, 870.

■ Appellant next complains because the court did not correctly place the burden of proof as to the issues on contributory negligence. It is apparent that the court did not properly place the burden of proof as to these issues upon the appellees, but inasmuch as the jury did not find Cecil Walston, or his deputies, guilty of original negligence proximately causing the death of Lenzie Baker, it becomes immaterial whether or not Lenzie Baker was guilty of contributory negligence. Beaty v. El Paso Elec. Ry. Co., Tex.Civ.App., 91 S.W. 365; Leap v. Braziel, Tex.Civ.App., 93 S.W.2d 1213.

■ Appellant next complains because evidence was admitted showing that two men from the inside of the cell, with the use of the buckets and the running water which were in the cell the night Lenzie Baker lost his life, extinguished a mattress set on fire outside of the cell similar to the one which burned on the fatal night. We are of the opinion the record shows that the experiment was made under substantially the same conditions as existed on the fatal night and therefore the evidence was admissible. The fact that the experiment was not made under the exact circumstances as existed on the fatal night goes rather to the credibility of the testimony rather than to its admissibility.

412

Appellant next complains that the trial judge overruled her motion for a new trial without extending the term of the court and giving her more time to produce additional testimony concerning jury misconduct. The record shows that testimony was heard before the motion was overruled, but that testimony has not been properly brought forward in the record. The trial judge offered to give the appellant another day within which to secure more evidence, but this was declined because her attorneys could not be present the next day and further that one day would not be sufficient time. Appellant having declined to use the additional time offered by the court, and having failed to properly bring forward the evidence which was offered on the motion, is not now entitled to have the cause reversed on the ground that the trial judge abused his discretion in not giving her more time.

The judgment is affirmed.