## HADDAD v. BROWN & ROOT, Inc., et al.

### No. 11321.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 20, 1943.

Rehearing Denied Nov. 17, 1943.

Writ of Error Refused Jan. 12, 1944.

Phillips, Williamson, Prewett & Horton and I. Howard Anderson, all of Corpus Christi, for appellant.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellees.

SMITH, Chief Justice.

Abraham Haddad, Jr., an eleven-year-old boy, while traveling along a paved street just outside the limits of the City of Corpus Christi, was struck and killed by a truck belonging to Brown & Root, Inc., and operated by its agent, Otto Darst. The boy

lived with his parents, plaintiffs below and appellants in this appeal. He had gone on an errand of his own, but when about a mile and a half from home one of the tires on his bicycle went flat. He tried to repair it, but, failing, started home on foot, steering his wheel along by his side, in a manner common to all cyclists. When within about two blocks of home he was overtaken and struck by appellee's truck, which was traveling in the same direction. He afterwards died as a result of the accident.

The parents of the victim brought this action for damages as for a wrongful death. The case was submitted on thirty-two special issues, which the jury answered adversely to the parents and in favor of the defendant corporation, according to their applicability. The parents have appealed, upon two contentions, first, that the trial court erred in admitting, over plaintiffs' objection, a certain report made to the Department of Public Safety by a State Highway Patrolman who investigated the accident, and, second, in the manner of submitting the case to the jury. The parties will be herein designated as plaintiffs and defendants, respectively, as in the trial court.

J. D. Roensch, a State Highway Patrolman, under the jurisdiction of the State Department of Public Safety, and in line of his duty, investigated the accident on the ground a few minutes after it happened, making rough notes as his investigation proceeded. Subsequently he reported the result of his investigation to the department of Public Safety at Austin, upon a form furnished him by the Department for such purpose. This formal report comprehended every conceivable detail of the accident, the precise and relative positions of the parties and their vehicles, as well as that of passing traffic, together with plats illustrating the purported facts, with figures and statements showing the construction and condition of the street at and near the place of the accident, with names and statements of eye-witnesses, as well, perhaps, as of others. The report included the following, among other remarks of the patrolman, under the heading, "Describe What Happened":

"Driver of #1 was blinded by bright lights on bus and other cars and was unable to see pedestrian in time to avoid collision. Pedestrian did not see truck evidently as he was walking in same direction pushing his bicycle."

"According to witness MacSutton unknown persons told him that boy had been warned by them to get off pavement in 2700 block before accident happened. This street carries heavy and fast traffic to and from Naval Air Station."

Patrolman Roensch, called as a witness by plaintiffs, testified, among other things, on direct examination, that: "The windshield of the (defendant's) truck was pretty dirty, looked like it had showered on it and dust settled on it, kind of splattered; it was dirty all over."

On cross-examination by defendant Roensch testified, and on recross-examination reiterated his direct testimony, that the windshield on defendant's truck was muddy and dirty and obscured the driver's vision.

Whereupon defendant resumed cross-examination of the witness, as follows:

"Q. Why was it, Mr. Roensch, that if you say the windshield was muddied up that you didn't say something about it on your report and put that down as the cause of the accident rather than blinding headlights? A. I did put it on my report to Austin. * * *

"Q. You say that is on your original report with the Highway Department at Austin? A. Yes, sir.

"Q. Muddy windshield, you are positive of that? A. As near as I can be. I could be mistaken.

"Q. You are entirely willing that we procure a copy of that report from the State Highway Department at Austin? A. Sure. * * *

"Q. Who is the person in charge of the records of this kind in the Highway Department, have a secretary or whom would I call? A. They have the Accident Statistics Bureau up there."

Someone, apparently defendant, communicated with the Department, from which Roensch on the following morning received a copy of the report in question, and upon request of the court produced and verified it as being a true copy. When defendant began questioning Roensch about the document, plaintiffs' counsel made this objection: "I want to object to the matter even being mentioned or brought up, and I want to object because it is incompetent, immaterial and irrelevant and because it is a privileged communication and because no proper predicate for it and that the statute

prohibits asking what it is or where it is and even mentioning that in any way whatever." The trial judge overruled the objection on the "theory that it was mentioned and testified about in the prior testimony." When defendant formally offered the document in evidence counsel for plaintiffs renewed his objections, which were again overruled, plaintiffs excepting. Plaintiffs saved their exceptions throughout the trial, at the conclusion of which they moved to strike the report and for an instruction to the jury that they not consider the report for any purpose. The court overruled the motion and plaintiffs excepted.

In subdivision (b) of their first point plaintiffs complain of the admission of said report in evidence, on the ground that it embraced hearsay statements. In view of reversal upon another ground it is unnecessary to pass upon that question.

In subdivision (a) of their first point plaintiffs also contend that the court erred in admitting the "confidential report" made by Patrolman Roensch to the Safety Department, because the admission thereof in evidence is expressly prohibited by § 42, Art. 6687b, Vernon's Civil Statutes. We sustain the point.

The specific question does not appear to have been decided or discussed in any reported case.

The Department of Public Safety of this State is vested by statute with the power and duty of enforcing "the laws protecting the public safety and providing for the prevention and detection of crime." Art. 4413(1), Vernon's Civ. Stats. The personnel of the Texas Highway Patrol are under the jurisdiction of that Department. Art. 4313(12). For the obvious purpose of enabling the department to more intelligently perform its duties of protecting the public safety, and gathering and procuring statistics relating to the number, cause and effect of traffic accidents on the public highways of the State, the following sections were embraced in Art. 6687b, constituting "Article V—Accident Reports":

"Sec. 39. Accidents to be reported by persons involved.

"Every person involved in an accident resulting in death, injury, or apparent property damage * * * shall make a report of such accident to the Department of Public Safety within forty-eight (48) hours. * * * Reports required by this Section shall be deemed privileged communications.

"Sec. 40. Accident statistics and reports.

"The Department shall prepare and shall supply to police and sheriffs' offices and other suitable agencies, forms for accident reports, and such reports shall be made within a reasonable time from the date of such accident by such officers or agencies to the Department at Austin, Texas, sufficiently detailing all the facts with reference to any highway accident, and the persons and vehicles involved.

"Sec. 41. Report of deaths resulting from accidents.

"Every coroner, justice of the peace, or other official performing like functions shall on or before the tenth (10th) day of each month report in writing to the Department the death of any person within his jurisdiction during the preceding calendar month as the result of any accident in which a motor vehicle was involved and the circumstances of such accident.

"Sec. 42. Accident reports confidential.

"All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department except that the Department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of such accident, except that the Department shall furnish upon request of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified report has or has not been received by the Department, solely to prove a compliance or failure to comply with the requirement that such report be made to the Department."

Obviously, the report by Patrolman Roensch was made in pursuance of § 42, supra, which provides that such reports shall be for the confidential use of the Department of Public Safety and plainly and mandatorily prohibits the use of such reports "as evidence in any trial, civil or criminal, arising out of such [traffic] accident, * * *." The reason for this prohibition is not far to seek. The object of requiring the Department to furnish forms for such reports and the officers to make reports thereon is to enable the Department to procure and preserve facts of accidents from a presumably disinterested officer, as

the latter uncovers and appraises those facts from investigations made by him upon the ground and gathered from witnesses, both interested and disinterested, interviewed by him. Obviously, this information is designed to aid the Department in assembling data and statistics relating particularly to accidents upon the highways, with the ultimate object of reducing and preventing recurring accidents. To accomplish these objects, without prejudicing the rights of parties involved in accidents, or to the officers reporting thereon, it is essential that such reports be kept inviolate by the Department for its exclusive use. This is in keeping with the clear intention and spirit of the statute, and in accord with the executive construction thereof, as indicated by the caption of the forms of those reports furnished by the Department to highway patrolmen, and used by Patrolman Roensch in this case, which reads:

"Confidential.

"Any accident report is by law a privileged communication and cannot be used as evidence in any trial, civil or criminal. The reports are used only in accident prevention work."

It goes without saying that in making such report to his Department the patrolman shall have and be made to feel the utmost freedom, subject only to his own conscience and sense of duty to the very important State Department he serves. The report is required to be made, and upon its face is made, for the exclusive use of that Department. It is not made for and must not be subjected to the free use of litigants in settling their private quarrels in the courts of the State, as was done with possible, if not probable, deadly effect upon plaintiffs by the defendant in this case. If such use was permissible, then in every case of this nature either party could manipulate the production and introduction in evidence of such confidential report through a studied device of impeachment. Such indiscriminate use of such reports would seriously hamper officers in making conscientious reports of accidents, and thereby defeat the wise purpose of the law to elicit such facts as would further the object of procuring unbiased and disinterested information designed to aid the Department in preventing other accidents of like nature. In this case the Department, or some person in its office, improvidently released the copy of Roensch's report, and the trial judge should not have requested, if not or-

dered, Roensch to release it for evidence, over the latter's objection that a "law passed by the last Legislature forbids us to give that accident report to any one," and over plaintiffs' vigorous and consistently urged objections, which, though sometimes vague, can and should be construed to include the appropriate objection that its introduction was contrary to the law and public policy. In our opinion the trial judge erred in admitting the accident report, which was highly damaging and prejudicial to plaintiffs, and the error was therefore material and reversible. We sustain subdivision (a) of plaintiffs' first point.

Defendants challenge the constitutionality of the provisions of the law in question, upon the contention that those provisions were not specifically authorized in the caption of the Act embracing them. We overrule this contention, as being without merit.

Plaintiffs' second point complains of the manner of submitting the case to the jury. The submission was awkward and erroneous in some respects pointed out by plaintiffs, but in view of another trial, plaintiffs' objections will probably be obviated by a more orderly submission.

Because of the error of the court below in admitting the accident report in evidence, the judgment is reversed and the cause remanded.