BROWN & ROOT, INCORPORATED, ET AL. V. ABRAHAM HADDAD

No. 8209.  Decided May 10, 1944.
Rehearing overruled June 7, 1944.
(180 S. W., 2d Series, 339)

*Kemp, Lewright, Dyer, Wilson & Sorrell,* of Corpus Christi, for petitioners.

It was error for the Court of Civil Appeals to hold that the report of state highway patrolman was confidential and privileged, and that same could not be used in evidence, regardless of the circumstances whereby its introduction became material. Houston Cron. Pub. Co. v. Bergman, 128 S. W. (2d) 114; Lone Star Finance Co. v. Universal Automobile Co., 28 S. W. (2d) 573; McClure v. Fall, 67 S. W. (2d) 231.

*Phillips & Anderson* and *Warren B. Phillips,* of Corpus Christi, and *L. Hamilton Lowe,* of Edinburg, for respondents.

On the theory that the report of the highway patrolman was priveleged. Needles v. New York R. Corp., 227 App. Div. 276, 237 N. Y. S. 547; Louisville & N R Co. v. Grant, 234 Ky. 276 27 S. W. (2d) 980; Murray v. Reagan, 129 Texas 206, 102 S. W. (2d) 202; San Antonio & A. P. Ry. Co. v. State, 128 Texas 33, 95 S. W. (2d) 680.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion for the Court.

This suit was brought by the father of Abraham Haddad Jr., a minor, against Brown & Root, Inc., and its truck driver, Otto

Darst, for damages for the boy's alleged wrongful death. The case was submitted to a jury on special issues, all of which were answered adversely to the plaintiff and in favor of the defendants, and upo nthe verdict judgment was rendered that the plaintiff take nothing. That judgment was reversed by the Court of Civil Appeals and the cause remanded. 175 S. W. 2d 269.

The boy's death came about as the result of his being struck by a truck belonging to Brown & Root, Inc., and operated by Darst. He had been riding a bicycle, but one of the tires became punctured and at the time he was struck he was steering his bicycle as he walked home on the highway. The truck which struck him was traveling the same direction as that in which he was walking. J. R. Roensch, a State Highway Patrolman, under the jurisdiction of the Department of Public Safety, investigated the accident a few minutes after it happened, making notes in connection with his investigation. Thereafter, he reported the result of his investigation to the Department of Public Safety upon a form furnished him for that purpose. Over the objection of the plaintiff this report was admitted in evidence upon the trial, and the principal question presented for decision is whether or not the court erred in admitting the report.

The statutes under which the Patrolman acted in reporting the accident are Sections 39, 40, 41 and 42 of Article 6687b, Vernons' Texas Civil Statutes. They are copied in full in the opinion of the Court of Civil Appeals and will not be recopied here.

The Court of Civil Appeals held that the report was a privileged communication, for which reason the trial court erred in admitting same, or any part thereof, in evidence. An application for writ of error was filed in this court by the petitioners and was refused for want of merit in an opinion per curiam. On motion for rehearing the application was granted and the opinion was, therefore, not published. We here quote same in full as the opinion of the Court on the construction of the statutes above quoted with respect to the question of whether or not the Roensch report was a privileged communication. It is as follows:

"We approve the judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause, because the trial court erred in admitting the entire report made by Patrolman Roensch to the Department of Public Safety. 175 S. W. 2d, 269. However, that report is not a privileged communication under Sec. 42, Art. 6687b, Vernon's Anno. Civ. Stat. This is made clear by a consideration of Secs. 39 and 40, of the

same article. Sec. 39 requires reports of accidents by 'every person involved,' that is, by every party to the accident, and provides that such reports 'shall be deemed privileged communications.' Roensch's report was called for by Sec. 40 as the findings of an officer investigating the accident, and it says nothing about any such report being privileged. Clearly, then, the purpose of Sec. 42 is to qualify the blanket privilege extending to reports made by 'persons involved' by Sec. 39, in two particulars, namely (1) to permit the Department of Public Safety to disclose the identity of any person involved in an accident, when such is not known or when such person denies his presence at the accident; and (2) to permit the Department of Public Safety to certify that such report was made, to prove that any person claiming to have made the report has or has not made it.

"Obviously, Roensch's report, as such, is a hearsay statement and should be excluded at another trial, if objected to on that ground, except such parts thereof only as may tend to impeach any direct evidence given by Roensch. For example when he testified during the trial under review that the windshield on defendant's truck was in a dirty, dusty or muddy condition, it was proper, for impeachment purposes only, and after proper predicate had been laid, to show that he stated in his report that defendant's driver 'was blinded by bright lights on bus and other cars and was unable to see pedestrian to avoid collision.'"

"The petitioner's application for writ of error is refused for want of merit."

On motion for rehearing petitioners took the position that, since under our opinion a portion of the report was admissible for the purpose of impeaching Roensch's testimony, and since the only objections leveled by respondent against same were directed to it in its entirety, the trial court correctly overruled the objections.

■ The only question presented in the application involves the admissibility of evidence which is not decisive of the case. As a general rule we would dismiss such an application but since a correct disposition of the case necessarily involves the construction of the statutes above referred to, our jurisdiction attaches under Vernon's Statutes, Art. 1728, Subdivision 3. Compton v. Dannenbauer, 120 Texas 14, 35 S. W. 2nd 682.

■ Roensch testified that the windshield on the truck was in a dirty, dusty, muddy condition. In his report he did not state that,

but stated that the driver of the truck "was blinded by bright lights on bus and other cars and was unable to see pedestrian in time to avoid collision." Before the report was offered in evidence he testified that he "put it on my report to Austin" that the windshield was muddied up. The predicate was thus laid for impeaching the witness, and under our memorandum opinion above copied, which we here reaffirm, that portion of the report was admissible in evidence for that purpose.

■ A general objection to evidence as a whole, whether it be oral or documentary, which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible. Tuttle v. Robert Moody & Son, 100 Texas 240, 97 S. W. 1037; Jamison v. Dooley, 98 Texas 206, 82 S. W. 780; Houston & T. C. R. Co. v. Haberlin, 104 Texas 50, 133 S. W. 873; Olschewske v. Priester (Com. App.) 276 S. W. 647; Texas Pipe Line Co. v. Ennis, 44 S. W. 2nd 773 (error dismissed); 41 Texas Jur. 916, Sec. 149; 64 C. J. pp. 198 et seq., Sec. 214.

This case falls within that rule. It is made to appear that Roensch received a copy of his report through the mail from the Department of Public Safety during the progress of the trial. He was willing, if the court directed, to produce it and, upon request of the court, did produce it. To its introduction counsel for respondent made the following objection:

"I want to object to the matter even being mentioned or brought up, and I want to object because it is incompetent, immaterial and irrelevant and because it is a privileged communication and because no proper predicate for it and that the statute prohibits asking what it is or where it is and even mentioning that in any way whatever."

Later this additional objection was made:

"At this time—I don't want to be jumping up and objecting all of the time, but I want the same objection I interposed before. I would like to have it go to all of the testimony, and the additional objection it is against public policy and that this is a report required by law to be made."

Clearly those objections went to the report as a whole and not to any designated portion thereof. There was a statement in the report which is purely hearsay, but those objections did not point it out.

It is claimed that the objections are made more specific by

reference to proceedings had the day prior to the introduction of the report in evidence. At that time when Roensch was on the witness stand he was questioned with regard to the notes which he made at the scene of the accident a short time after it occured, whereupon counsel for respondent made this objection to the introduction of the notes in evidence:

"Now, anything this man knows himself is admissable in evidence, and anything I would ask him or Mr. Lewright asks him I don't think would be objectionable. Anything with reference to his report or any other report that is hearsay or that he acquired from any other source whatever would be objectionable. Anything this man knows I don't object to, or anything in the report that is what he knows about it I don't object to, but anything that is hearsay or with reference to any conclusion or any of those things I do object to. The point I make is I don't object to any fact statements of this report, but I do object to the report because there are several matters in there based on hearsay and we say they are incompetent, irrelevant and immaterial."

Even if it could be assumed that the objection to the notes was also intended as an objection to the report which was offered the next day, and even if the objection was sufficient to apprise the court that respondent was objecting to the report itself because it contained hearsay statements, still it would not follow that the objection was well taken. Merely to object to an instrument on the ground that it contains hearsay statements when a portion of the instrument is clearly admissible in evidence, without pointing out the statements claimed to be hearsay, and leveling an objection specifically thereto, does not invoke a ruling by the court on the question of the admissibility of the hearsay statements.

■ In the Court of Civil Appeals respondent assigned errors to the manner of submitting certain special issues regarding the contributory negligence of the deceased boy, and it is suggested here that the judgment of the Court of Civil Appeals reversing and remanding the case should be affirmed on account thereof. We do not find it necesary to consider the merits of the assignments raising these questions, for the reason that all the issues relating to the primary negligence of the defendants were answered in their favor and, therefore, any error in the manner of submitting issues as to the contributory negligence of the deceased are immaterial. No other judgment than the one in favor of the petitioners could have been rendered by the trial court on the verdict and the errors complained of, if any, are therefore harmless. Hill v. Hoeldtke, 104 Texas 594, 142 S. W.

630

871; West Texas Coaches v. Madi (Com. App.) 26 S. W. 2nd 199; Burks v. Dallas Ry. & Term. Co., 116 S. W. 2nd 884; Yellow Cab Co., Inc. v. Treadwell, 87 S. W. 2nd 276 (writ dismissed) ; Baker v. Walston, 141 S. W. 2nd 409 (error dismissed, correct judgment) ; 3 Tex. Jur. pp. 1246-47, Sec. 873.

The judgment of the Court of Civil Appeals reversing and remanding the case will be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court, May 10, 1944:

Rehearing overruled June 7, 1944.