## McCLESKY v. SMADES et al.
### No. 15308.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 11, 1952.

Sam Cleveland, of Stephenville, for appellant.

Frank Massey, of Fort Worth, for appellees.

RENFRO, Justice.

This is an appeal by appellant Donald H. McClesky from an order of the County Court at Law of Tarrant County, Texas, overruling his plea of privilege to be sued in Erath County, Texas.

Appellees' controverting affidavit claimed venue in Tarrant County under Section 9, Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, § 9. A car driven by appellee Glee Mathis Smades, it was alleged, was struck and damaged by appellant's car at the intersection of University Drive and West Seventh Street in the City of Fort Worth.

Appellees plead the following acts of negligence on the part of appellant: (a) Driving at an excessive rate of speed, (b) driving without brakes in good working order, (c) failing to keep a proper lookout, (d) failure to yield the right-of-way.

By proper point of error, appellant urges error on the part of the trial court in overruling the plea of privilege because there was no competent evidence proving or tending to prove appellant was guilty of any affirmative act of negligence causing damage to appellees' car in Tarrant County.

Neither appellees nor appellant testified at the hearing on the plea of privilege.

The witness Bryan was called by the appellees and testified in substance to the facts hereinafter set out. He was parked on University Drive facing north. He saw appellees' car on West Seventh Street facing west. Appellees' car started slowly, making a left turn to go south on University Drive. Appellees gave no signal indicating an intention to turn. He did not see the Chevrolet (alleged in the controverting affidavit to be appellant's), until after the collision. The front end of appellees' car was near the south line of West Seventh Street when the impact occurred. The Chevrolet was in "center side it was supposed to be in." The Chevrolet stopped four feet from point of impact. Appellees' car continued thirty feet on University Drive.

There were green lights for both east and west traffic at the time of the collision. The front and right hand side of appellees' car was damaged. The front of the Chevrolet was hit. The witness saw the police officers, after the collision, push the foot brake of the Chevrolet down to within one inch of the floor board. The witness was asked: " * * * from your experience in operating such brakes * * * state whether or not a car with hydraulic brakes, that you can push the pedal down an inch from the floor before it catches, indicates that the brakes were not adequate or sufficient?" to which the witness answered, "That's right." The witness testified he did not know how the accident happened. He saw two boys in the Chevrolet, but did not learn the name of either. He talked with one of them but did not know which one.

Nowhere in his testimony did the witness identify the appellant by name or description as being the driver or owner of the Chevrolet.

The record is void of evidence concerning the rate of speed of the Chevrolet immediately prior to the collision. In fact, the evidence does not show whether it was moving or standing still at the time of the impact. The record is silent as to speed or position of the two cars as they approached the point of impact. There is no evidence of skid marks.

Appellees contend the testimony of Bryan concerning the brakes on the Chevrolet is sufficient to show a trespass. When appellant filed his plea of privilege, it became appellees' duty, in order to maintain venue in Tarrant County, to prove by a preponderance of the evidence that appellant was guilty of some active negligence,

and such negligence caused the injury or damage to appellees. Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947; Van Zandt v. Schell, Tex.Civ.App., 200 S.W.2d 725. We believe the meager testimony concerning the brakes on the Chevrolet falls short of proving by a preponderance of the evidence that the driver of the Chevrolet was guilty of any acts of affirmative negligence causing the damage to appellees' car. The testimony does no more than show that a collision took place.

The trial court erred in overruling the plea of privilege.

Appellant alleges the court erred in overruling the plea of privilege for the reason there was no competent evidence proving or tending to prove that appellant was in any way connected with the collision in question and erred in admitting into evidence the police officers' report of the collision in question through a witness other than the investigating officers who made such report.

The only evidence linking appellant with the Chevrolet was a notation on the police report, made after the accident, that car No. 2 (the Chevrolet) was driven by Donald H. McClesky. The police report was admitted over the objection of the appellant. At the trial, Lieutenant Frank Rainwater testified that Officers Carter and Partin made the report. Both of said officers had terminated their employment with the police department. No reason is given for the failure to call ex-police Officer Carter as a witness, and no showing that his testimony was not available by way of deposition. On the contrary, the evidence shows affirmatively that said officer was at the time of trial working in Fort Worth.

 The police report was hearsay and should not have been admitted. Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339; Ward v. Wallace, Tex.Civ.App., 175 S.W.2d 611, error refused, w.m. Although a statute requires state highway patrolmen to make reports of accidents on the highways, the Supreme Court, in Brown & Root v. Haddad, supra, held that such reports were hearsay statements and should be excluded except such parts thereof as may

tend to impeach any direct evidence given by such officer. We find no statutory requirement that municipal police officers make and file with the police department written reports of automobile accidents. Since the Supreme Court has held that highway patrolmen's reports are hearsay, then, clearly, reports of municipal police officers should be so considered.

Outside of the police report there is no evidence in the record identifying appellant in any way with the car that collided with appellees' car. The trial court therefore erred in overruling appellant's plea of privilege.

In view of our action, it becomes unnecessary to discuss the other points raised by appellant.

For the reason that the evidence was insufficient to show a trespass committed in Tarrant County, Texas, by the appellant, we reverse the judgment of the trial court and herein render judgment sustaining the plea of privilege and hereby order venue changed to Erath County, Texas.