**Manuel R. HURTADO, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 15945.

Court of Civil Appeals of Texas, San Antonio.

Feb. 22, 1978.

Rehearing Denied March 29, 1978.

Harold D. Putman, San Antonio, for appellant.

Ray A. Weed, Groce, Locke & Hebdon, San Antonio, for appellee.

MURRAY, Justice.

This is a workmen's compensation case. Judgment was entered on the jury verdict that appellant's injury of October 28, 1973 was not a producing cause of incapacity.

Appellant asserts by this appeal that the evidence is factually insufficient to support the jury findings to Question No. 3, that the injury of October 28, 1973 was not a producing cause of incapacity. His argument is based solely on the contention that the trial court committed error in admitting certain interrogatories and medical records into evidence. The appellant, in his brief, does not argue that the answer of the jury to Question No. 3 was factually insufficient if the interrogatories and medical records were properly admitted into evidence by the trial court.

Appellant, Manuel R. Hurtado, was injured on October 28, 1973, in the scope of his employment for the R. L. White Company. On the day of the accident the appellant was fixing a machine referred to as a "cherry picker," when he fell about four or five feet to the ground. On November 9, 1973, appellant was hospitalized for over a week in the Memorial Hospital in Uvalde by Dr. Robert Scott for aggravated diabetes and rheumatoid arthritis, conditions for which he had been treating appellant for several years. Dr. Scott filled out a hospitalization claim form indicating that the November 9th hospitalization was not due to an injury at work. Dr. Scott referred appellant to a San Antonio rheumatologist, Dr. Hempel. Dr. Hempel brought in a surgeon, Dr. Livesay, who performed surgery on appellant to relieve a spinal obstruction and at the time of the operation Dr. Livesay observed no disk rupture. Dr. Livesay attributed appellant's problems to an obstruction in the spinal column, the effects of diabetes on the kidneys, the effect of diabetes on the nervous systems, and rheumatoid arthritis, and that neither the spinal obstruction nor the surgery to relieve it was caused by any incident, accident, or injury.

At the trial appellant offered into evidence the answers to written interrogatories of Dr. Carl H. Hempel, answers to

written interrogatories of Dr. Robert Scott, medical records of Memorial Hospital, Uvalde, Texas, and medical records of the Santa Rosa Hospital, San Antonio, Texas. It was stipulated by the parties that there would be no necessity of formal proof of such records under the Business Records Act. Appellant vigorously objected to the four medical records because they contained inadmissible letters, notes, opinions, guesses, conjecture, and speculation and that it was incumbent on appellee to sift through the exhibits and segregate the inadmissible part from the admissible part. After a lengthy discussion outside the presence of the jury, the trial court overruled appellant's general objection and admitted the four documents into evidence. Thereafter appellant made no specific objections to any particular part of the four documents. The question is, "who has the burden of separating the admissible portions of a proffered exhibit from the inadmissible portions?"

We hold that the trial court has some discretion in deciding which party should specifically point out to the court that part of the record that is objectionable and that part which is not objectionable. We believe this rule has been established by our Supreme Court in the case of *Brown & Root v. Haddad*, 142 Tex. 624, 180 S.W.2d 339 (1944); 1 C. McCormick & R. Ray, Texas Evidence § 25 at 24 (2d ed. 1937). In *Brown & Root* our Supreme Court stated on page 341, "[a] general objection to evidence as a whole, whether it be oral or documentary, which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible. * * Merely to object to an instrument on the ground that it contains hearsay statements when a portion of the instrument is clearly admissible in evidence, without pointing out the statements claimed to be hearsay, and leveling an objection specifically thereto, does not invoke a ruling by the court on the question of the admissibility of the hearsay statements." It is equally well settled that where evidence is offered as a whole, only a part of which is admissible, the court does not commit error in sustaining an objection to such testimony and in such case the party offering the testimony would have to separate the admissible from the inadmissible part. *Eubanks v. Winn*, 469 S.W.2d 292 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.); *Jack Cane Corp. v. Gonzales*, 410 S.W.2d 953 (Tex.Civ.App.—San Antonio 1967, no writ).

We hold, after an examination of the entire record, that the jury's failure to find that appellant's injury of October 28, 1973 was a producing cause of incapacity is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

The judgment of the trial court is affirmed.

CADENA, Justice, dissenting.

The record clearly demonstrates that the trial court admitted testimony after attention had been specifically called to its inadmissible nature.

I agree that where a party offers several documents as a unit and the objection is made to the offer as a whole, the judge is not guilty of error if he overrules the objection where parts of the offer are admissible. The purpose of this rule clearly is to relieve the judge of the burden of being forced to examine the various documents for the purpose of culling out the inadmissible portion of the offer. *Guadalupe Valley Electric Cooperative, Inc. v. Towns*, 397 S.W.2d 496, 498 (Tex.Civ.App.—Corpus Christi 1965, no writ).

However, in this case, the objection to the admission of one of the exhibits was followed by a lengthy exchange among the court and counsel for both parties, and during such discussion counsel for appellant specifically called the court's attention to portions of the exhibit which were inadmissible. The court's decision to admit the whole exhibit was, therefore, a ruling to admit portions of the exhibit after the inadmissible nature of such portions had been specifically called to the attention of the court. Stated differently, by admitting the exhibit as a whole, the court knowingly

allowed the introduction of inadmissible testimony after those particular inadmissible portions of the exhibit had been called specifically to the attention of the court. As to those particular portions, the trial court was required to do no "culling."

In this case, appellant discharged his duty of pointing out portions of the offered testimony which was subject to the objections which he had urged.

In *Brown & Root v. Haddad*, 142 Tex. 624, 180 S.W.2d 339, 342 (1944), it was said that objection to a document on the ground that it contained hearsay statements, without pointing out the statements claimed to be hearsay "and leveling an objection specifically thereto, does not invoke a ruling by the court on the question of the admissibility of the hearsay statements." However, it is clear that in that case the objecting party did not point out the portion of the document which was subject to the exception. 180 S.W.2d at 342.

Appellate courts, understandably, are sometimes charitable to rulings of trial courts and exhibit this charity by insisting that the trial court's attention be specifically called to that which is subsequently claimed as error in the appellate court. But there is no justification for the adoption of a rule to the effect that when a bundle of documents is offered as a unit and the objection to such unit is made on the ground, for example, that the unit contains inadmissible hearsay, and the specific portions of the unit subject to such exception are called to the attention of the trial court, the trial court may admit the entire unit, including the inadmissible portions which have been called to its attention, unless the objector, at the time of identifying the inadmissible portions prefaces the identification of each such portion by using the magic words, "I object to this portion." Unless we are prepared to assume that the trial judge was so deficient in intelligence that he was unable to understand why specific portions of the unit were called to his attention, following an objection that the offeror was not entitled to introduce the entire unit, to hold that the judge may neverthe-

less still permit admission of the entire unit transcends charity and borders on overprotective indulgence.

At the time the trial court ruled, the situation was simply this: Defendant had proffered for admission into evidence several documents as a unit. Plaintiff had objected to the introduction of all of the documents as a unit on the ground that some portions of the unit were inadmissible and had called the court's attention to specific portions which were subject to his objection. At this point, plaintiff's objection to the introduction of all of the documents as a unit had been shown to be a valid objection. Stated differently, plaintiff had clearly called the court's attention to the fact that not all of the proffered documents were admissible and had identified those documents which were inadmissible. There is no justification for holding that the trial court did not err in ruling that all of the documents were admissible.