AFFIRM; Opinion issued January 29, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01605-CV

### SUNL GROUP, INC., Appellant

### V.

### ZHEJIANG YONGKANG TOP IMP. & EXP. CO., LTD., Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-00210**

# OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion By Justice Fillmore

Zhejiang Yongkang Top Imp. & Exp. Co., Ltd. (Yongkang) sued Sunl Group, Inc. and Ham

Trading Inc., asserting claims based on a sworn account and for unjust enrichment due to Sunl's

failure to make payment in full for all-terrain vehicles (ATVs), go-carts, three-wheel motorcycles,

and mopeds sold by Yongkang to Sunl. Following a bench trial, the trial court rendered judgment

against Sunl for $1,828,740 in damages and $155,000 for attorney's fees and a take-nothing

judgment in favor of Ham. In two issues, Sunl asserts the trial court erred by admitting into evidence

one of Yongkang's trial exhibits and there is insufficient evidence that Yongkang performed under

the contract. We affirm the trial court's judgment.

## Background

Erwa Lu testified that she was the owner and sales manager of Yongkang, an import and export company located in Zhejiang, China. According to Lu, David Shan, a representative of Sunl, signed a number of contracts with Yongkang for the purchase of ATVs and go-carts. Lu testified that Ham was Sunl's "receiver" and some of the ordered goods were delivered to Ham at Sunl's direction.

Over Sunl and Ham's relevance objection, the trial court admitted into evidence Plaintiff's Exhibit A, consisting of eleven "sales contracts" and one "commercial invoice." Each sales contract contains a description of the goods, the quantity ordered, the unit price, and the total amount due for the order. Each sales contract lists Sunl as the buyer and contains an illegible signature of a Sunl representative. The first sales contract in the amount of $977,414 indicates the seller was Zhejiang Kangdi Vehicles Co., Ltd. (Kangdi). The remaining sales contracts indicate the seller was Yongkang. The commercial invoice also indicates the seller was Yongkang and reflects a shipment of goods to Ham.

Lu testified that Yongkang did not manufacture the ordered equipment. Rather, Kangdi, as well as other factories, manufactured the goods purchased by Sunl. After David Shan signed a contract on behalf of Sunl, Yongkang would request that a factory manufacture the goods. Yongkang then delivered the goods to Sunl or to a "receiver" specified by Sunl, such as Ham.

Lu created a chart showing Yongkang's shipments of goods to Sunl, which was admitted at trial as Plaintiff's Exhibit B. The chart consists of columns containing (1) the contract number, (2) the bill of lading number or numbers, (3) the date or dates the shipment was delivered, (4) the "contract detail" consisting of the product type, quantity, unit price, and total amount, and (5) the "payment detail" consisting of the payment terms, the amount paid, and the balance due. To the

"best of [Lu's] knowledge," Sunl, either directly or through a "receiver," took possession of all the merchandise shown on the chart. The chart does not reflect whether the goods were delivered directly to Sunl or to a "receiver." The chart shows an unpaid balance of $2,620,635.68. Lu contacted David Shan about the unpaid balance. According to Lu, David Shan initially stated "we'll pay later," but "they" never paid.

May Shan testified that she is the owner and president of Sunl, a company that distributes ATVs, go-carts, and mopeds. According to May Shan, Sunl never imported goods directly from Yongkang and never received shipments of goods directly from Yongkang. Rather, Sunl ordered goods through Ham, received invoices from Ham, and paid Ham based on the invoices. Occasionally, at Ham's request, Sunl would "pay directly to China," and Ham would credit the payment. May Shan is married to Jian Xun Shan, also known as David Shan. However, according to May Shan, the signatures on the various sales contracts do not look like David Shan's signature.

The trial court awarded Yongkang $1,828,740 in damages and $155,000 in attorney's fees against Sunl.[1] It ordered that Yongkang take nothing from Ham. The trial court did not make findings of fact or conclusions of law, and none were requested by any party.

## Admissibility of Evidence

In its first issue, Sunl contends the trial court erred by admitting Plaintiff's Exhibit A into evidence. We review a challenge to the admissibility of evidence for an abuse of discretion. *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without regard to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

---

[1] The trial court's damages award appears to be based on the total amount of damages sought by Yongkang minus the amount that was not collected on the sales contract between Kandgi and Sunl.

Sunl argues the trial court erred by admitting Plaintiff's Exhibit A into evidence over Sunl's relevancy objection. Sunl asserts Plaintiff's Exhibit A was not relevant because the first page of the exhibit showed the seller of various goods to be Kangdi, rather than Yongkang, and Kangdi was not a party to the lawsuit. However, Plaintiff's Exhibit A consists of eleven separate sales contracts and one commercial invoice. Only the first sales contract lists Kangdi as the seller. The remaining sales contracts identify Yongkang as the seller and Sunl as the buyer. Although the first sales contract between Kangdi and Sunl might not be relevant to Yongkang's claims against Sunl, the remaining sales contracts were clearly relevant to Yongkang's claims that Sunl failed to pay for goods that it had ordered from Yongkang. *See* TEX. R. EVID. 401 ("Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.); *Serv. Lloyds Ins. Co. v. Martin*, 855 S.W.2d 816, 822 (Tex. App.—Dallas 1993, no writ) ("The relevancy test is satisfied if there is some logical connection either directly or by inference between the fact offered and the fact to be proved.").

When an exhibit contains both admissible and inadmissible evidence, the party objecting to the evidence has the burden to identify the portions of the exhibit that are objectionable. *Austin v. Weems*, 337 S.W.3d 415, 423 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Gen. Motors Corp. v. Harper*, 61 S.W.3d 118, 126 (Tex. App.—Eastland 2001, pet. denied) (citing *Brown & Root v. Haddad*, 142 Tex. 624, 628, 180 S.W.2d 339, 341 (1944)). A general objection to evidence as a whole, which does not point out specifically the portion objected to, is properly overruled if any part of that evidence is admissible. *Speier v. Webster College*, 616 S.W.2d 617, 619 (Tex. 1981); *In re K.L.*, No. 09-11-00083-CV, 2012 WL 1951111, at *6 (Tex. App.—Beaumont Mar. 16, 2012, pet. filed) (mem. op.).

-4-

Because portions of Plaintiff's Exhibit A were relevant and admissible over Sunl's relevancy objection, Sunl was required to specifically object to the portions of the exhibit that were allegedly inadmissible. *See Haddad*, 142 Tex. at 628, 180 S.W.2d at 341; *Austin*, 337 S.W.3d at 423. Because Sunl failed to do so, the trial court did not abuse its discretion by overruling Sunl's objection to Plaintiff's Exhibit A in its entirety. *See Speier*, 616 S.W.2d at 619; *In re K.L.*, 2012 WL 1951111, at *6. We resolve Sunl's first issue against it.

## Sufficiency of the Evidence

In its second issue, Sunl asserts the evidence is insufficient to support the judgment because Yongkang failed to establish it performed its obligations under the sales contracts. Sunl specifically argues that Yongkong failed to present customs verification, customs brokerage documents, bills of lading, or shipping documents to evidence delivery of the goods. Although Sunl has not stated whether it is challenging the legal or the factual sufficiency of the evidence, we conclude the evidence is sufficient to support the trial court's judgment under either standard.

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871–72 (Tex. 2010). When a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003). When such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam); *Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 777 (Tex. App.—Fort Worth 2009, no pet.). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the record. *Rosemond v. Al–Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam).

An appellant attacking the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof must demonstrate there is no evidence to support the trial court's adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Affordable Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825, 830 (Tex. App.—Dallas 2011, no pet.). When examining a legal sufficiency challenge to a finding of fact, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Evidence is legally sufficient if it rises to a level that would enable a reasonable and fair-minded fact finder to make the finding. *Id.* at 827. A legal sufficiency challenge fails if there is more than a scintilla of evidence to support the finding. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006); *Affordable Power, L.P.*, 347 S.W.3d at 830. "Evidence does not exceed a scintilla if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Suberu*, 216 S.W.3d at 793 (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)); *see also Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011) (if evidence does no more than give rise to mere surmise or suspicion, and is so slight as to necessarily make any inference a guess, then it is no evidence).

In a factual sufficiency review of a finding, we consider and weigh all the evidence, both in support of and contrary to the challenged finding. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam). When a party challenges the factual sufficiency of the evidence supporting an adverse finding on which it did not have the burden of proof, we set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Figueroa v. Davis*, 318 S.W.3d 53, 59 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We may not substitute our judgment for that of the trier of fact or pass on the credibility of the witnesses. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402,

407 (Tex. 1998).

Plaintiff's Exhibit B, the chart prepared by Lu, shows a bill of lading number or numbers and a delivery date or dates for goods sold in connection with each sales contract.[2] Lu testified that Yongkang delivered the goods according to the terms of the sales contracts and in conformance with Sunl's instructions and that, to the best of her knowledge, Sunl received all the goods. Although May Shan denied that Sunl received goods directly from Yongkang, she admitted Sunl received goods from Ham. Lu testified Ham was Sunl's "receiver." Applying the appropriate standards of review, we conclude there is legally and factually sufficient evidence to support the trial court's implied finding that Yongkang delivered the goods that were the subject of the sales contracts. We resolve Sunl's second issue against it.

We affirm the trial court's judgment

_____
ROBERT M. FILLMORE
JUSTICE

111605F.P05

---

[2] Sunl objected to the chart based on hearsay and relevancy. The trial court overruled the objections, and Sunl has not challenged that ruling in this appeal.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SUNL GROUP, INC., Appellant

No. 05-11-01605-CV     V.

ZHEJIANG YONGKANG TOP IMP. &
EXP. CO., LTD., Appellee

Appeal from the 193rd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
DC-10-00210).
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Evans participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**. It is **ORDERED** that appellee Zhejiang Yongkang Top Imp. & Exp. Co., Ltd.
recover its costs of this appeal from appellant Sunl Group, Inc.


Judgment entered January 29, 2013.


_____
ROBERT M. FILLMORE
JUSTICE