[Civ. No. 6596. First Appellate District, Division Two.—January 10, 1929.]

STATE COMPENSATION INSURANCE FUND et al., Respondents, v. GEORGE W. LAMB et al., Appellants.

Louis V. Crowley and Cooley, Crowley & Gallagher for Appellants.

Bronson, Bronson & Slavin and Frank J. Creede for Respondents.

STURTEVANT, J.—On the fourth day of May, 1925, A. Robbins was injured in an automobile accident. He duly applied to the Industrial Accident Commission for relief. In due time he was awarded certain relief and the State Compensation Insurance Fund complied with the award and then it commenced this action against the defendants. The defendants appeared and answered and a trial was had in the trial court before the court sitting with a jury. The jury returned a verdict in favor of the plaintiffs, and from a judgment entered thereon the defendants have appealed under section 953a of the Code of Civil Procedure.

The defendants contend that the trial court erred (1) in refusing to give certain instructions; (2) in giving certain instructions; and (3) in making certain rulings on the admission of evidence.

Before proceeding further it will clarify the case to state that the accident happened in Townsend Street, between First Street and Second Street, about 9 o'clock in the morning. Shortly prior to the accident the Great Western Power Company had caused one of its trucks to be parked on the north side of Townsend Street, near the curb. That truck was facing to the west and the rear end of it had the tailgate down. While that truck stood there in that position one of the trucks of the defendants approached from the west, traveling east on Townsend. There was some evidence that it was traveling thirty-five miles an hour, with its right-hand wheels on the left-hand side of the middle of Townsend Street. A. Robbins at the same time was driving a Ford truck in a westerly direction on the north side of Townsend Street—that is, on the right-hand side. About the time that the trucks were approaching the truck of the Great Western Power Company it was the theory of the plaintiffs that the left front wheel of defendants' truck came off and that truck swerved further to the left and, to avoid a collision, Robbins turned further to his right, but as the two trucks passed each other the defendants' truck side-swiped the Ford truck, hitting the left rear wheel thereof, and that before the Ford truck came to a stop it ran against and underneath the tail-gate of the truck of the Great Western Power Company, thus injuring the driver Robbins. On the other hand, it was the contention of the defendants that their truck was not traveling faster than sixteen to eighteen

miles per hour; that the left front wheel came off by reason of a break at the shoulder of the spindle, and that the break was caused by a latent defect that could not be ascertained by the exercise of ordinary care. It was further contended by the defendants that their truck did not touch the Ford truck, and that whether the driver Robbins was injured, such injuries were not referable to any act of the defendants.

The trial court gave fifty-seven instructions. They are not numbered, and, therefore, we have numbered them. The defendants proposed and asked the trial court to give forty-two instructions. They are not numbered, and, therefore, we have numbered them. The trial court gave seventeen of the instructions so requested. The defendants earnestly contend throughout their brief that the trial court, in its instructions, instructed on the theory of the plaintiffs but did not instruct on the theory of the defendants. They quote their requested instruction 39 and vigorously contend that the trial court erred in not giving it. The contention is entirely without merit. Of the instructions given, numbers 24 and 34 should be read together, and the two constitute an instruction on the theory of the defendants, and the same may be said of instructions 51 and 52. These four instructions very fully and completely instruct on the theory of the defendants.

The defendants requested an instruction to the effect that one lawfully in the street is presumed to act lawfully and in the proper manner. The trial court refused the instruction, but gave another on the same subject. It is contended that the trial court erred in refusing the defendants' instruction and also erred in giving the instruction which it did give. In so far as the subject matter of both instructions is concerned, it was covered by the sworn testimony of the driver of the Ford truck and the driver of the defendant's truck. Conceding, for the purpose of this decision, and solely for that purpose, that either ruling was erroneous, it is quite impossible to see how the ruling could have been prejudicial. When each of the witnesses had fully testified regarding what he did or did not do, it is impossible to see how the jury could have been helped by an instruction on the presumption of care.

The defendants complain because the trial court refused their instruction number 28. We think it was properly refused. It was confined to only a part of the acts of

the defendants and did not enumerate all of them. In so far as it was sound law, it was covered by one of the instructions given, number 47.

They also complain because the trial court did not give their instruction number 17. The instruction was argumentative, and should not have been given. Furthermore, the subject matter was fully covered by instructions 49 and 51, which were given.

The defendants complain of an instruction given by the trial court, number 46. That instruction was addressed to the question as to who should prove an inevitable accident. It is difficult, under the issues made by the pleadings, to see just what was the pertinency of the subject matter. Be that as it may, the defendants introduced it in the opening statement made by their attorney and thereafter followed up the subject and introduced proof thereon. There is nothing in the case showing that there was any duty on the part of the plaintiffs to introduce evidence in support of the existence of the theory of inevitable accident, and if the subject matter be asserted as an affirmative defense, then the burden was on the defendants to make the showing.

The trial court gave instruction number 42, which was addressed to the subject matter of the reciprocal rights of those lawfully in the streets. Taking up the subject matter of duty in the presence of imminent danger, the defendants argue that the instruction was erroneous. It did not treat, nor purport to treat, on that subject. Elsewhere the trial court instructed on that subject, and did so properly.

In instructions 38 and 39 the trial court instructed on the general subject of the duty of a driver to drive on the right-hand side, and not on the left-hand side of the street. It is not claimed they are incorrect. It is claimed that they do not state what would be the rights of the defendants if the breaking of a wheel should throw the driver on the left-hand side when otherwise he was on the right-hand side. The instructions were not addressed to that subject. Other instructions covered the dilemmas, rights, and liabilities arising from a wheel breaking by reason of a latent defect.

As to instruction number 48, given by the trial court, the defendants contend that it was misleading, in view of the plaintiffs' contention regarding defendants' alleged negligence which preceded and caused the breaking of the spindle.

It was not misleading on that subject. It was pertinent to that subject.

Instruction 51, given by the trial court, was an attempt to state that if all of plaintiffs' allegations had been proved, and if A. Robbins was not guilty of contributory negligence, then the plaintiffs could recover. It is claimed that by its wording it is an assertion that if A. Robbins did not participate in or cause the negligence charged against the defendants, then the plaintiffs could recover. This claim is not well founded. The instruction is so worded that it is not reasonably susceptible of any other interpretation than that it was addressed to the negligence of the defendants and the contributory negligence, if any, of A. Robbins.

 Each of the last two instructions used the words "the carelessness," "the negligence," without inserting immediately thereafter "if any." It is claimed that both instructions were erroneous in assuming facts. It has been held that when the trial court expressly assumes a certain fact and at the same time purports to submit the question to the jury, then there is a conflict and the case must be reversed. (*Cahoon* v. *Marshall*, 25 Cal. 197, 200; 24 Cal. Jur. 841, 842.) However, in the instant case there was no express assumption, but merely an ambiguous expression, which is susceptible of the charge of assuming facts. Furthermore, in the first instruction given by the court it was stated: "Our provinces are entirely distinct and separate, and you will understand that in this charge the court in no manner or form is expressing or desiring to express any opinion on the weight of the evidence or any part of it . . . or that any alleged fact in the case is or is not true." Instruction number 22, as given, used the words "the damages" without following it with the expression "if any." The same attack is made. However, the damages suffered by A. Robbins were not a disputed fact in the case. Whatever they might be, it was the theory of the defense that these defendants were not liable. As the instructions of the court are to be read as a whole, we find no fault with the instructions given.

 Instruction number 24, given by the trial court, was addressed to the subject of preponderance. It used the phrase "of some act of negligence." The defendants say it was not confined to acts of negligence pleaded in the complaint. The evidence introduced did not even purport

to drag in any act of negligence not pleaded. Most assuredly the instruction as given did not purport to do so, therefore it was not erroneous.

Instruction number 5, as given by the trial court, treated of the subject of the number of witnesses requisite to prove a fact. The defendants attack it as to the weight of the evidence. It was not addressed to that subject. As to the proper rule concerning the weight of the evidence, the instructions, when read as a whole, contain no error.

 During the trial the defendants called a witness as an expert and examined him regarding the subject of the crystallization of metals. On cross-examination the plaintiffs addressed certain questions to the witness on the same subject. The defendants objected that the questions were not cross-examination, not within the issues of the case, and were therefore immaterial. The objections were overruled. We think that the ruling was quite proper.

 While one of the witnesses was being examined he stated that the left-hand hub-cap of the Ford truck was damaged. Later he stated that he did not make the examination, but was told that fact. A motion to strike out was made. The motion was denied. It is not clear from the record that there was any error in the ruling. The motion was made in language that was too broad and too uncertain. Moreover, there was no question regarding the fact. Two different witnesses testified directly to the fact and confirmed the alleged hearsay statement of the witness under examination. (Tr., p. 124, line 19; p. 143, line 6.) It is therefore patent that even though the ruling may be said to be erroneous, that it was not prejudicial error.

 When the witness Robbins was testifying he was asked on recross-examination: "Have you any recollection of putting on your brake at all just before you crashed into that parked truck? A. No; if I had I would have been hit, head-on." Defendants moved to strike out; the motion was denied. Apparently the ruling was erroneous. However, it is equally apparent that the latter part of the answer, even though it did state a conclusion, was, under the facts, a true and correct conclusion, and, furthermore, that the ruling did not prejudice the defendants.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.