[Civ. No. 16832.   First Dist., Div. Two.   July 30, 1956.]

DAVID S. GRAY, Appellant, v. RHEEM MANUFACTUR-
ING COMPANY (a Corporation) et al., Respondents.

Hadsell, Murman & Bishop for Appellant.

Hauerken, St. Clair & Viadro for Respondents.

DOOLING, J.—This is an appeal by plaintiff David S. Gray from a judgment pursuant to a jury verdict in favor of defendants Rheem Manufacturing Company, a corporation, and Robert Fortina.

Appellant by this action sought to recover for personal injuries alleged to have been received by him when he was working as a business invitee of respondent Rheem Manufacturing Company (hereafter called Rheem).

At the time appellant received his alleged injuries he was employed by the United States government as an inspector of Navy material. It was his duty to inspect shells manufactured by respondent Rheem. In order to do this appellant would select at least three shells from each particular carton of shells and carry them from the area of the plant where the cartons were placed to another room where he would make his inspection.

On April 7, 1953, at approximately 10 a. m. appellant was in the process of removing some shells from a carton so that he might inspect them. He was in a stooped-over position with his back to a fire door that was located in the plant area where he was working. As he was in this position a lift truck operated by one of respondent Rheem's employees, respondent Robert Fortina, hit the fire door causing it to come in contact with appellant.

Appellant's first two arguments may be considered together, i.e., that the verdict for defendant is contrary to the evidence and contrary to law. It is axiomatic that on appeal we must accept the evidence most favorable to the verdict, disregarding conflicting evidence which may be more favorable to appellant. (4 Cal.Jur.2d, Appeal and Error, § 606, pp. 485-487.) With this rule in mind we quote the following from the testimony of respondent Fortina as to what occurred immediately prior to the movement of his equipment which brought the fire door into contact with appellant:

"Q. And after you saw him there did you move your lift vehicle? A. No sir, not until I asked Mr. Gray to step to one side or look out for the door, that it might be bumped or moved in case I lifted up this one load, and it was awful close to the door. And I asked Mr. Gray to step to one side or move in case the pallet hit the door as I made my move.

"Q. And where were you when you addressed those remarks to him? A. I was approximately two and one-half feet away from him on the truck. . . .

"Q. Now when you addressed these remarks to Mr. Gray . . . did you get any response from him? A. Yes sir, I did.

"Q. What did he say according to your recollection? A. The best I remember I asked him to step to one side or move, and he looked up at me and said, 'It's all right, go ahead and make the move.' . . .

"Q. And then after you had warned him and you picked up the load, I understood you again blew your horn and you again warned him. A. Yes, sir.

"Q. And did he reply to that warning? A. The best I can remember at that time he said, 'It's okay to move, go ahead.' "

It is futile for appellant with this testimony in the record to argue to an appellate court appellant's testimony that he heard no warning and made no response and other evidence of the noise in the plant which would operate against any warning being heard by appellant. The weight to be given to the evidence and the credibility of the witnesses were questions for the trial jury's determination. In support of the verdict we must presume that the jury accepted and believed Fortina's testimony that he twice warned appellant to get out of the way before he moved his lift truck, that he told him that he might bump and move the door because the load was "awful close to the door" and that appellant twice told Fortina in response to his warnings to go ahead.

Appellant testified that a safety catch on the door which would have prevented its moving had been blocked about a month before and that appellant was aware of this fact.

Accepting Fortina's evidence, as we must on appeal, whether it was negligence on Fortina's part to move the truck after twice warning appellant to get out of the way and having twice been invited by appellant to proceed, and whether it was contributory negligence on appellant's part to remain in the position of possible danger and invite Fortina to move his truck after being warned to move to a place of safety,

both presented fact questions for the jury. Appellant argues that in any event it was negligence on Rheem's part to leave the safety catch off the door and to place the box of shells for his inspection so close to the door as to put him in a place of peril; but these factors were both as well known to appellant as to respondent and no harm could have come to appellant from either if he had moved from his position of possible danger when twice asked to do so by Fortina instead of twice advising Fortina to proceed. Under the facts of the case as narrated by Fortina it was for the jury to determine whether the invited movement was negligent in view of the other circumstances relied upon to establish negligence, having in mind that appellant was at least as fully aware of them as Fortina and invited Fortina's action with full knowledge of his position and the fact that the safety catch on the door was not operating.

Appellant moved the court for a nonsuit of the pleaded defenses of contributory negligence and unavoidable accident and moved for directed verdicts on the same defenses. These motions were denied and the court instructed the jury on both defenses. There was no error in this. What we have already said disposes of the defense of contributory negligence which, accepting Fortina's testimony, was a question for the jury.

Our Supreme Court has held that it is not error to give an instruction on unavoidable accident in any case where it cannot be said as a matter of law that defendants were guilty of negligence which proximately caused the plaintiff's injuries. (*Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823].)

The case of *Jensen* v. *Minard*, 44 Cal.2d 325 [282 P.2d 7] is not in point. The instruction on unavoidable accident was held in that case to cumulate an error in an instruction that "(t)he mere fact that an accident happened . . . does not support an inference" of negligence. In that case the decedent was killed by the discharge of a gun and the court pointed out that this instruction was error on the facts of that case because "(o)rdinarily . . . accidents of this sort do not occur if those using firearms use due care" and "the jury should not have been foreclosed from considering the evidence provided by the happening of the accident itself in determining whether the defendant was negligent." (44 Cal. 2d p. 329.) The court added at the same page that this error was aggravated by the instruction on unavoidable accident saying: "Considering these instructions together, the

jury could easily be led to believe that prima facie the accident was unavoidable and was not owing to defendant's negligence." The court further found that the instruction as given was in conflict with another correct instruction "that ordinary care requires that one using firearms must use extreme caution." The facts of our case as set out above clearly make the reasoning of the court in the Minard case inapplicable.

■ Appellant finally contends that the court committed prejudicial error in its manner of reinstructing the jury at the jury's request. The court originally instructed the jury that they should first consider the question of the legal responsibility for the collision forming the basis of the action. They were then told that the instructions in regard to damages were intended to apply only where appellant was entitled to a verdict and that they would have no application if the liability of respondents was not established. The jury retired at 1:40 p. m. and later called for and received certain exhibits relative to both the liability and damage phases of the case. Then at 3:42 p. m. the jurors returned to the courtroom and the jury foreman stated:

"THE FOREMAN (Mr. Cruickshank): As foreman of the Jury we find that we are not in agreement on the aspect of assignment of damages. We don't know how to proceed in the matter. We want more instructions as to how we are to proceed to assess these damages. We don't know how to proceed.

"THE COURT: Well, I am not sure that I understand what you mean. Have you made a determination as to liability?

"THE FOREMAN: We have, sir.

"THE COURT: Well now, it's a matter of measure of damages—is that what you have in mind—that you want to know about?

"THE FOREMAN: We have, yes sir. What we would like specifically to know, sir, is—— Many of the jurors feel that there should be an assessment against the Rheem Company for an amount equal to the amount of hospital bills incurred only and with no other consideration. . . .

"THE FOREMAN: We would like to respectfully request, sir, that the Judge read the last portion of an instruction relative to that which I have reference to now—relative to the damages. We would feel that we didn't understand clearly when we were charged.

"THE COURT: You mean as to what elements you should consider?

"THE FOREMAN: Yes, sir.

"THE COURT: Well, all right. I will read you what I think you have in mind, and when I get through, if there is anything further you need, why you just tell me about it."

The court then reread to the jury certain of the instructions relative to the damage issue. In these instructions the words "if any" were used to qualify such phrases as "the injuries proved to have been sustained," "amount of such damages," "anxiety and suffering," "expenses incurred," and "time lost." The court then said: "Now is that what you have in mind?"

"THE FOREMAN: I think that will cover it, Your Honor, and I would like to correct any impression that I might have given that we have reached a formal agreement. We have not. We are just in the stage of arriving at it. That was to help us. That's it.

"THE COURT: All right. Does counsel have anything further —suggest anything further in view of the questions that have been asked?

"MR. ST. CLAIR: No, I think that's fair, Your Honor.

"MR. MURMAN (appellant's attorney): If the Jury is satisfied.

"MR. ST. CLAIR: I think if the Jury is satisfied, we are all satisfied.

"THE COURT: All right. You will retire, then, with the Bailiff."

The jury retired at 3:48 p. m. and at 4:05 brought back a verdict for respondents.

It is appellant's contention that the jury had conclusively determined liability against respondents and that the court's manner of reinstructing, with the words "if any," led the jury to change their verdict. He relies on the original instruction telling the jury to determine the issue of liability before that of damages together with the fact that the jury asked for exhibits relevant to the damage issue to support his theory that liability had been determined in his favor prior to the reinstruction. He claims this theory is also supported by the foreman's affirmative answer to the court's question at the time further instructions were requested: "Have you made a determination as to liability?" However, the foreman subsequently stated that he would like to correct any impression that he might have given that the jury had reached

a formal agreement. In view of this latter statement it cannot be said that the jury had definitely determined the question of liability. There is no indication in the record whether some or all of the ''if any'' instructions complained of were proposed by appellant, respondents, or were given on the court's own motion. Thus appellant has not met the burden of showing prejudicial error in regard to these instructions. (*Lynch* v. *Birdwell*, 44 Cal.2d 839 [285 P.2d 919].) Further it appears that appellant himself proposed two ''if any'' instructions and, having done so, he is in no position to complain. (*Abbott* v. *Cavalli*, 114 Cal.App. 379 [300 P. 67].) Moreover, the criticism of an identical qualification has been said to be hypertechnical. (*Newman* v. *Los Angeles Transit Lines*, 120 Cal.App.2d 685 [262 P.2d 95].)

Appellant's objection that the jury were sent back to deliberate again without being completely instructed is answered by appellant's counsel's own comment in answer to the court's question: ''Does counsel . . . suggest anything further . . . ?'' to which counsel for appellant replied: ''If the jury is satisfied.'' In *Olson* v. *Standard Marine Ins. Co.*, 109 Cal.App.2d 130 [240 P.2d 379], the court read some but not all of the instructions previously given and the jury indicated they were satisfied. No request was made by the appellant that other instructions be read. The court quoted from *People* v. *Finali*, 31 Cal.App. 479 [160 P. 850]: ''Defendant was not entitled as matter of right to have instructions read which the jury had not called for or to have all the instructions on a given subject read when such as were read were satisfactory to the jury.''

Judgment affirmed.

Nourse, P. J., and Devine, J. pro tem.,* concurred.

A petition for a rehearing was denied August 29, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 25, 1956. Carter, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.