THOMAS FRIESEN,

*Plaintiff and Appellant*

vs.

CAROL R. SCHMELZEL,

*Defendant and Respondent.*

(No. 2770; November 12, 1957; 318 Pac. (2d) 368.)

4

For the plaintiff and appellant, the cause was submitted upon the brief of Murane and Bostwick of Casper, Wyoming, and oral argument of R. R. Bostwick.

For the defendant and respondent, the cause was submitted upon the brief and also oral argument of W. J. Wehrli of Casper, Wyoming.

Heard before Blume, C. J., and Harnsberger and Parker, JJ.

## OPINION

Mr. Justice Parker delivered the opinion of the court.

This case arose out of a collision between automobiles driven by Thomas Friesen, plaintiff, and Mrs. Carol R. Schmelzel, defendant. The accident occurred about 5 p.m., May 5, 1955, at the intersection of Fourteenth and Spruce Streets in Casper, while plaintiff was proceeding easterly on Fourteenth and defendant was traveling southerly on Spruce. Plaintiff filed suit against defendant, attributing as the cause of the wreck defendant's excess speed, her failure to maintain a proper lookout, and her failure to keep the car under proper control—claiming damages of $29,016. The case was tried to a jury which returned a verdict for defendant and against plaintiff. From the resulting judgment plaintiff has appealed, specifying as error the court's rulings in (a) permitting defendant's counsel to cross-examine plaintiff's witness, a police officer, regarding his official report of the accident to the Casper Police Department; (b) permitting an inflammatory statement of counsel in asking whether the patrolman had charged both of the parties as being negligent and later saying to the court that he should not have used the term "negligent"; (c) sustaining an objection when plaintiff sought to show by the officer that the police court charge against Friesen was dismissed; (d) giving an instruction on the subject of "unavoidable accident" which was not pleaded;

(e) giving an instruction on the statutory requirements relating to brakes when evidence in the case did not show defective brakes on plaintiff's cars; and (f) admitting portions of the brakes of plaintiff's car as exhibits in the case when such parts had been taken off the car in the yard of the body shop only a few days before the trial, many months after the wreck, and when there was no showing that such parts were in the same condition as when the wreck occurred.

The record of Officer Brandon's testimony shows as follows regarding the challenged cross-examination, defendant's use of the word "negligent" and the rejection of plaintiff's offer to show dismissal of the police court charge against him:

"577 Q Now, is it a fact that upon your report you listed as one of the causes of the accident the failure on the part of Thomas Friesen to grant the right-of-way?

MR. BOSTWICK: I object to that as calling for a conclusion; a matter of traffic violation; improper cross examination.

"THE COURT: It's a question of whether he put that on his report.

"MR. BOSTWICK: He is talking about a determination of fact before he put it on the report.

"THE COURT: Overruled.
"(Exception allowed.)

"WITNESS: I may answer?

"THE COURT: Yes.

"A Yes, I thought Mr. Friesen had failed to grant the right-of-way.

\* \* \* \* \* \* \* \* \*

"590 Q Well, what you really came up with then as far as your report is concerned, is that you charged both of them with being negligent; that is the effect of your report?

"MR. BOSTWICK: I object to that, calling for a conclusion of the witness.

"THE COURT: That's right. I'm going to sustain that, Mr. Wehrli.

"MR. WEHRLI: Well, maybe I can ask it another way.

"THE COURT: All right.

"MR. WEHRLI: I shouldn't have used the term 'negligent.'

"591 Q From your report it appears that you said both drivers were at fault. Is that what your report means?

"MR. BOSTWICK: I object to that as calling for a conclusion; not the best evidence; and invading the province of the jury.

"THE COURT: Overruled. We are into it, gentlemen. I don't think we should have gotten into it, but we are into it, and we might as well go ahead.
"(Exception allowed.)

"A That's right. I believe on both parties, if they had been more careful and a little more considerate, they could have avoided the accident.

*   *   *   *   *   *   *   *   *

"594 Q In police court isn't it a fact the matter was dismissed as to Mr. Friesen?

"MR. WEHRLI: I object to that and think it's immaterial. I don't know if anybody was tried, as a

matter of fact, but supposing anybody was tried. It has no bearing as evidence in this case.

"THE COURT: Sustained.
"(Exception allowed.)"

A review of the testimony shows that the officer had made an official report to the Casper Police Department, had such report on the stand with him, and consulted it during the direct questioning. It is difficult to determine whether or not counsel intended Question 577 to be an impeachment of the witness. The question seems to have had as its purpose the showing of a statement inconsistent with the testimony given; but the statement itself was not introduced or quoted. If impeachment were intended then it would have been proper for the witness to have been asked whether he made the supposed contradictory statement. See 3 Wigmore on Evidence, 3d ed., § 1025. See also Froeming v. Stockton Electric R. Co., 171 Cal. 401, 153 P. 712, Ann.Cas. 1918B, 408; and St. Louis Southwestern Ry. Co. of Texas v. Bishop, Tex.Civ.App., 291 S.W. 343. Surprisingly, the propriety of a question (whatever its form) to an official about his highway accident report has not often been discussed by the courts. One instance is cited by defendant in which a highway patrolman's report was found by the court to be admissible for the purposes of impeachment. See Brown & Root, Inc., v. Haddad, 142 Tex. 624, 180 S.W. 2d 339. See also Annotation 153 A.L.R. 163, 174, and Annotation, 165 A.L.R. 1302, 1317, citing this case. We think such principle is applicable in the present situation even though there was no true attempt to impeach, but rather an effort to discredit by an argumentative question. Wide latitude should be permitted in cross-examination of an adverse witness. See 70 C.J. 619. We expressed this view in Henderson v. Coleman, 19

Wyo. 183, 115 P. 439, 451, 115 P. 1136, when it was said:

"The latitude of cross-examination is so largely within the discretion of the trial court that it must, as a general rule, appear to have been flagrantly abused before a verdict will be disturbed on that ground.

"But there was clearly no error in allowing the cross-examination as to the statements made in the affidavit; the purpose being to show the making of statements contradicting his testimony. * * *"

This decision was cited with approval in Boyer v. Bugher, 19 Wyo. 463, 120 P. 171, 180. To us it would be inequitable that a litigant be permitted to call an official as a witness, allow him to testify from a report which is identified to the fact-finding body as an official document, and thereafter deny the opponent a right to cross-examine him as to the contents of the instrument. We think there was no abuse of discretion in allowing the question to be answered, nor does this view alter the principle in Borzea v. Anselmi, 71 Wyo. 348, 258 P.2d 796, 804, that "the question of negligence is ordinarily one for the jury."

We pass then to the previously quoted discussion between court and counsel following Question 590. This occurred *after* plaintiff on redirect examination had elicited testimony that Officer Brandon (a) had listed Carol Schmelzel on the report "for careless driving," and (b) had charged Thomas Friesen with "failure to grant the right of way." Thus, plaintiff put the entire matter in issue and thereby placed himself in a position where he cannot properly raise his present objections to defendant's questions. We think that the word "careless" thus used by counsel and the witness is so closely related to "negligent" to which plain-

tiff now objects that the statement of defendant's counsel was not prejudicial under the circumstances.

In view of the trial court's admitting in evidence the answers to Questions 577 and 591, tending to show how the officer had listed the cause or fault of the accident, it is now urged that the officer should have been permitted to answer a query as to the dismissal of a traffic charge against plaintiff. No authorities are cited by counsel, but it appears to be clear that evidence regarding the arrest or even the conviction of a driver of a motor vehicle is inadmissible in an action to recover damages. See 61 C.J.S., Motor Vehicles § 516, p. 259; 42 C.J. 1230; and 9C Blashfield, Cyclopedia of Automobile Law and Practice, perm. ed. 1954, § 6196. Such rule is subject to an exception if the evidence embraces an admission of one of the parties, but there is no claim of admission in this instance. We think that evidence of the dismissal of the traffic charge was properly rejected.

Plaintiff alleges error of the court in giving an instruction which stated that the defendant was not guilty of negligence if the collision occurred as a result of an "unavoidable accident"—defining these words. He urges that defendant had interposed no defense of unavoidable accident," that such defense is an affirmative matter, and must be pleaded and proved. Many different definitions of "unavoidable accident" have been given by the authorities. For example see 43 Words and Phrases, Unavoidable Accident, perm. ed. 1940, p. 38 ff., and 5 Fifth Decennial Digest, Automobiles, Key-Number 246(22)j. As relates to motor vehicle accidents, we would say that the words mean an accident in which there is no negligence by either party. This view is substantiated in many of the cases mentioned in the foregoing references.

Appellant cites only one case to substantiate his contention that the instruction was erroneous, State Compensation Insurance Fund v. Lamb, 96 Cal.App. 236, 273 P. 1080, apparently for the principle that if inevitable accident is asserted as an affirmative defense the burden is upon defendant to make the showing. We doubt if the holding supports such view but think the court on that point merely determined that the plaintiff had no burden to show an inevitable accident when the defendant was claiming it. Thus, the case is not especially helpful.

Unavoidable (or inevitable) accident was not pleaded by defendant Schmelzel in the instant case, nor was it required to be.

"* * * the defense of an unavoidable accident is available under a general denial if raised by the evidence, and need not be specially pleaded." 5A Am.Jur., Automobiles and Highway Traffic § 895.

This principle is supported by many cases, some of which are Hardman v. Younkers, 15 Wash. 2d 483, 131 P.2d 177, 151 A.L.R. 868; Scott v. Burke, 39 Cal. 2d 388, 247 P.2d 313; Fulton v. Huguet, 113 Cal. App. 2d 692, 248 P.2d 954; Tesone v. Reiman, 117 Cal. App. 2d 211, 255 P.2d 48; Johnston v. Orlando, 131 Cal. App. 2d 705, 281 P.2d 357; Lilley v. Key System Transit Lines, 136 Cal.App.2d 737, 289 P.2d 517; Slovick v. James I. Barnes Construction Co., 142 Cal.App.2d 618, 298 P.2d 923; Gray v. Rheem Manufacturing Co., 143 Cal.App.2d 537, 299 P.2d 900.

The case of Powell v. Bartmess, 139 Cal.App.2d 394, 294 P.2d 150, 157, not only supports the above rule but goes further in holding against a contention that an unavoidable accident instruction could not be given where evidence was lacking on the subject—indicat-

ing that negligence, proximate cause, and inevitable accident are all questions for the jury. There is no occasion here for us to discuss that case; but in any event, we think the law is clear that unavoidable, or inevitable, accident may be proved under a general denial.

It is next urged that the instruction relating to the Wyoming statutory requirements for brakes was improper because there was no evidence to show a defective condition of plaintiff's brakes at the time of the accident. He also points out the error in admitting portions of plaintiff's brakes in evidence when there was no proper showing that such portions were in the same condition as at the time of the accident. These views should be considered together as being interrelated. It is essential that we review the record regarding the testimony concerning the portions of plaintiff's brakes admitted as evidence. Love, a body and fender repairman, testified that on the date of the accident he was working in the Keszler Body Shop where plaintiff's automobile was taken on May 5, or 6, 1955; that within two weeks thereafter he made a quick examination of the car in the Keszler yard, sitting in it behind the steering wheel and testing the brakes by pushing them down with his feet, finding that they did not operate properly unless they were first pumped; that many months later, a few days before the trial, he went to "that car" and removed the forward brake shoes out of the right front, left front, and right rear wheels (Exhibits C, D, and E); that he took none from the left rear because the position of the car against the wall made it impossible for him to take it off; that at the time of the trial the brake shoes were in the same condition as when he took them out of the wheels. (At this point the exhibits were offered in evidence and admitted over plaintiff's

14

objection of remoteness, lack of foundation, and a failure to show the shoes to be in the same condition as on the day of the accident.) The witness then testified at some length about the condition of the brakes as being worn and not in a good condition. On cross-examination he denied that they would deteriorate from sitting still, admitted that it was conceivable that someone could have taken the brakes out and replaced them, but said that he did not see anything that indicated that the brakes had been opened up or that the shoes had been taken out prior to his removing them. At best the identification of the brake shoes was weak. Obviously, the identity could have been established much more carefully prior to the time that the exhibits were offered, and should have been for the litigant to be certain that no question could be raised. However, there was in reality no challenge of the identity; for plaintiff on cross-examination merely queried the possibility of the parts having deteriorated by standing out for a long time, and on rebuttal sought to and did introduce as his own exhibits the rear shoe off the right rear wheel, the rear shoe off the right front, and the rear shoe off the left front of the Friesen car, and elicited information from his witnesses as to the condition of these parts, thereby implying that there had been no tampering with any of the parts on the automobile between the time of the collision and the trial. We doubt if plaintiff should now, after relying on similar evidence, be heard to object to the introduction of the parts for lack of identity. Even were this not the case, the general rule regarding the identity of real evidence would seem to uphold the trial court's admission of the exhibits. 32 C.J.S., Evidence § 607, states:

"In order that an article may be * * * introduced it must be satisfactorily identified, and it must also be

shown to the satisfaction of the court that no such substantial change in the article exhibited as to render the evidence misleading has taken place. However, it is not necessary that the article be identically the same as at the time in controversy. It is unnecessary to show an absence of tampering on the part of every person through whose hands the article has passed; as long as the article can be identified it is immaterial in how many or in whose hands it has been. A direct statement that the article was in the same condition at the time of an occurrence as at a subsequent time is not required if it sufficiently appears that it must have been in substantially the same condition."

In Allen v. Porter, 19 Wash. 2d 503, 143 P.2d 328, 331, the court in discussing a similar matter stated:

"* * * An exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given and when it is stated to be in the same condition as at the time of the occurrence in question. It is not necessary to negative the possibility of an opportunity for tampering with an exhibit, nor to trace its custody by placing each custodian upon the witness stand. * * *"

The evidence is clear that the brake shoes were taken from the plaintiff's car, and there is no testimony of any change. Although a more specific identification was desirable, the trial court ruled upon a matter properly within its function in admitting this evidence. See 32 C.J.S., Evidence § 602; and J. R. Hanify Co. v. Westberg, 9 Cir., 16 F.2d 552, 554. No prejudicial error resulted to the plaintiff therefrom.

As has been indicated by our separate reference to each of the points raised in the appeal, we find no reversible error in the record; and the judgment of the district court should be and is affirmed.

Affirmed.

Rehearing denied without written opinion, Dec. 31, 1957.