BOYD, ADMR., ETC., APPELLANT *v.* DONALD, APPELLEE

No. 43074          October 5, 1964          167 So. 2d 661

*W. W. Pierce,* Jackson, for appellant.

*Nelson Cauthen,* Canton, for appellee.

GILLESPIE, J.

This appeal by the defendant below from judgment awarding plaintiff damages in an automobile collision raises several questions, the principal one being whether a written accident report made by an investigating officer, which is inconsistent with the officer's testimony at trial, is admissible for purposes of impeachment.

▆▆ ▆ Mrs. Linda Donald filed suit against the administrator of the estate of John H. Oliphant for the wrongful death of plaintiff's husband, Jerrel Donald. The accident occurred a mile south of Carthage on a paved highway. Oliphant was driving alone in a pickup truck, going south. Jerrel Donald was driving an automobile north with his wife and baby as passengers. Oliphant, Jerrel Donald and the baby were killed in the collision. It was alleged by the plaintiff that Oliphant was drunk and drove his truck across the center line of the highway into his left lane so as to collide headon with the Donald automobile when the Donald automobile was being driven on its proper side of the highway. Several witnesses testified that Oliphant had been drinking prior to the accident. Two eye witnesses testified that Oliphant drove his vehicle across the center line directly into the path of the Donald vehicle. The only testimony favorable to the defendant was the fact that the front ends of the two vehicles came to rest on the west side of the center line of the highway and most of the debris was on that side of the highway. This was explained by the eye witnesses who testified that when the two vehicles collided, the front ends rose into the air and fell across the center line and came to rest with the front ends in the west lane of the highway. The proof was ample to sustain the charges of negligence. In our view the evidence was overwhelming in favor of the plaintiff.

▆▆ Appellant's first assignment of error complains of the action of the trial court in overruling a motion

for a continuance. The case was called on a Monday and set for trial the following Friday. When court convened Friday morning, the motion for a continuance was made on the ground that Jack Ellis, who was a witness for defendant, was present in court when the case was set, but was ill and in the hospital on Friday morning with a heart condition; that Jack Ellis would testify he saw Oliphant a few minutes before the accident occurred and Oliphant was sober. The testimony offered on the hearing of the motion tended to show that it was doubtful if Jack Ellis's condition would be much better in the future. We hold that the lower court did not abuse its discretion in overruling the motion for a continuance because: (1) the testimony of Jack Ellis would have been cumulative since other witnesses testified Oliphant was sober prior to the accident, Bolin v. State, 209 Miss. 866, 48 So. 2d 581; and (2) the verdict of the jury was consistent with the overwhelming weight of the evidence and we cannot affirmatively say that overruling the motion resulted in injustice. Section 1520, Mississippi Code of 1942.

Appellant contends the trial court committed prejudicial error in admitting over objection a report of the accident made by H. A. Calhoun, a highway patrolman who investigated the accident. Patrolman Calhoun testified that the front ends of the two vehicles and most of the debris was in the west lane of traffic. His testimony tended to prove that Oliphant was on his right side of the highway. On cross examination he was questioned concerning an accident report he made and filed with the Department of Public Safety. This report was admitted in evidence over defendant's objection. The report contained a diagram drawn by Patrolman Calhoun which showed that Oliphant left the west lane of traffic and drove across the center line into the northbound traffic lane and that the vehicles collided in the east lane and came to rest with the front ends in the west lane. Appellant contends

that this accident report was not admissible under Section 8170, Mississippi Code of 1942. Said Section 8170 applies only to reports required to be filed by parties involved in accidents. The statute does not require the officer to make a report. We hold that even though a part of the accident report was hearsay on the part of Calhoun, it was admissible for the purpose of impeachment. The Supreme Court of Texas, considering a statute similar to ours with reference to accident reports, held that an officer's report, required under the statute of that state, was admissible for the purpose of impeaching the officer's testimony. Brown & Root, Inc. v. Haddad, 142 Tex. 624; 180 S. W. 2d 339. Also see Austin v. Portland Traction Co., 181 Or. 470, 182 P. 2d 412. Compare Carruth v. Griffis, 220 Miss. 541, 71 So. 2d 478, where it was held an officer's map based on what others told him was not admissible on examination of the officer in chief.

██ ██ Three of appellant's assignments of error are based on the granting of certain instructions on behalf of the appellee. There are deficiencies in the instructions complained of, but we cannot say that the jury was misled when all of the instructions are considered together. The issue presented to the jury on the question of liability was whether Oliphant crossed the center line and caused his vehicle to be operated on the wrong side of the highway so as to collide with the Donald vehicle. It is hardly possible that the jury could have been misled by the deficiencies in the aforesaid instructions. Therefore, we hold that the errors in the instructions were not harmful within the meaning of Rule 11, Revised Rules of the Supreme Court.[1]

---

[1]RULE 11. No Reversal for Harmless Error. No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.

Affirmed.

*Kyle, P. J., and McElroy, Jones and Brady, JJ.* concur.