**Shirley MENARD, Appellant,**

v.

**Fidel ACEVEDO, Appellee.**

No. 636.

Supreme Court of Alaska.

Oct. 3, 1966.

---

John M. Savage and H. Russel Holland, Anchorage, for appellant.

Daniel A. Moore, of Delaney, Wiles, Moore & Hayes, Anchorage, for appellee.

1. Appellant sought admission of the report as an official record pursuant to Civ.R. 44(b) through the qualifying testimony of a state police operations assistant.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant brought this action against appellee seeking to recover damages for her personal injuries resulting from an automobile accident. At the trial appellant attempted to introduce in evidence a written report made by an investigating state police officer which quoted the appellee as stating that the accident resulted from a collision while appellee was attempting to pass appellant at a speed of about 60 miles an hour.[1] The trial judge refused to admit the report on the grounds of statutory privilege and our decision in Mace v. Jung.[2] A jury returned a verdict for appellee. The sole question raised on this appeal by appellant is whether the trial court erred in holding that the investigating officer's report was not admissible in evidence.

AS 28.35.080 deals with motor vehicle accident reports. Subsection (b) requires the driver of a vehicle involved in an accident resulting in bodily injury or death of a person, or total property damage to an apparent extent of $100, to forward a written report of the accident to the Department of Public Safety, and to the municipal police department if the accident occurred within a municipality, within two days after the accident. Subsection (e) provides:

> Every law enforcement officer who, in the regular course of duty, investigates a motor vehicle accident for which a report must be made, either at the time of and at the scene of the accident or thereafter by interviewing the participants or witnesses, shall, within 24 hours after completing the investigation, forward a written report of the accident to the Department of Public Safety.

2. 386 P.2d 579 (Alaska 1963).

AS 28.35.120 provides:

No report made in accordance with this chapter may be used in evidence in a criminal or civil action arising out of the accident that is the subject of the report.

■ The motor vehicle accident in this case resulted in bodily injury to appellant. It was, therefore, the kind of accident "for which a report must be made" within the meaning of AS 28.35.080(e). Being such, the report of the investigating officer was a report made in accordance with AS 28.35.080(e), which was in accordance with "this chapter" (chapter 35 of title 28) within the meaning of AS 28.35.120, and therefore was forbidden by that section of the law to be used in evidence in this civil action which arose out of the accident.

■ Despite the explicit wording of the statute, appellant contends that the legislative intent in enacting AS 28.35.120 was to make inadmissible in evidence only reports of accidents made by drivers and not those made by investigating police officers. In support of this argument appellant refers to the law on the subject of motor vehicle accident reports before it was codified in 1962 in the Alaska Statutes.

Prior to the 1962 codification of the Alaska Statutes, Section 50–5–5 ACLA 1949 dealt with the duties of an operator of a vehicle involved in an accident. In 1959 this section was amended by adding, among other provisions, subdivisions (f), (g), (h) and (i).[3] Subdivisions (f) and (g) required the giving of notice to and the filing of a written report with the territorial department of police by the driver of a vehicle involved in an accident. Subdivision (h) dealt with the form of written report that was required to be filed. Subdivision (i) provided in relevant part as follows:

(i)  Additional Information.

1. The department of state police may require any driver of a vehicle involved in an accident of which report must be made as provided in this Act to file supplemental reports whenever the original report is insufficient in the opinion of the department.

2. Every law enforcement officer who, in the regular course of duty, investigates a motor-vehicle accident of which report must be made as required in this Act, either at the time of and at the scene of the accident or thereafter by interviewing the participants or witnesses shall, within twenty four hours after completing such investigation, forward a written report of such accident to the department of state police.

Appellant argues that since the investigating officer's report is characterized in the 1959 act as "additional information", which follows the specific statutory requirement in subdivision (g) that a written report of an accident be filed by the driver, that the officer's report should not be construed as a report made inadmissible under AS 28.35.120.

Appellant's position is untenable. Section 4 of the 1959 act (SLA 1959, ch. 123) provides that:

No report made in accordance with the requirements of this Act shall be used in evidence in any criminal or civil action arising out of the accident that was the subject of the report.

A police officer's report under subdivision (i)2 is a report made in accordance with the requirements of the 1959 statute. Therefore, under the unambiguous language of section 4 of the 1959 act it is the kind of report that is inadmissible in evidence.

■ Appellant contends that even if the investigating officer's report was inadmissible under AS 28.35.120, the trial court still erred in refusing to admit the report for the purpose of impeaching appellee who denied having told the investigating officer that his car had struck appellant's car.

The cases relied upon by appellant do not sustain her position. In Krizak v.

3. SLA 1959, ch. 123, § 3.

W. C. Brooks & Sons, Inc., 320 F.2d 37, 42–44 (4th Cir.1963), the court considered a Virginia statute which provided that an accident report made by a driver of a vehicle involved in an accident may not be used in evidence in any trial arising out of the accident. The court concluded that the report itself was totally inadmissible, but that the driver who made the report could be cross-examined about statements made by him in the report for the purpose of impeaching his testimony at the trial.

This is not our situation. At the trial of this case the appellant offered the investigating officer's report in evidence, and now claims that the failure of the court to admit the report was error. Appellant makes no claim that she was deprived of the opportunity to cross-examine appellee as to the contents of the report for the purpose of impeaching appellee's testimony at the trial. It is unnecessary for us to determine whether or not appellant ought to have been afforded such opportunity or to determine whether appellant could have questioned the investigating officer as to the contents of the report.[4]

In Brown & Root, Inc. v. Haddad, 142 Tex. 624, 180 S.W.2d 339, 340–341 (1944) the court permitted the use of an officer's accident report to impeach the testifying officer. That case is distinguishable, since the report was offered in this case for the purpose of impeaching the driver of the vehicle and not the investigating officer. Furthermore, the Texas statute was substantially different from AS 28.35.120 in that it did not provide that the investigating officer's report was inadmissible in evidence. Texas has since changed its law on the subject. In 1947 Texas adopted the

Uniform Act Regulating Traffic on Highways. Section 47 of that act provides:

All accident reports made by persons involved in accidents, by garages, or peace officers shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other State agencies having use for the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. Vernon's Ann.Tex.Civ.St. art. 6701d.

In Martin v. Jenkins, 381 S.W.2d 115, 119, decided in 1964, the Texas Court of Civil Appeals held that under the uniform act the peace officer's report was a privileged communication and not admissible in evidence.[5]

In Allen v. Yancy, 57 Ill.App.2d 50, 206 N.E.2d 452, 457–458 (1965) the court held that police reports were not admissible as evidence on the issues in the case, but that they were admissible for the limited purpose of impeaching a witness, provided that the officer himself is able to testify that certain impeaching statements were made to him by the witness to be impeached and can recall the nature of such statements. That case is not pertinent here because no mention is made in the case of the existence of any statutory provision such as we have here relating to the admissibility of a police report.

The case of Boyd v. Donald, 250 Miss. 618, 167 So.2d 661, 663 (1964) is also distinguishable. In that case it was held that an investigating officer's accident report was admissible for the purposes of impeachment. But the court made specific note of the fact that a Mississippi statute forbid-

---

4. Mace v. Jung, 386 P.2d 579 (Alaska 1963); Cf. Mathis v. Hilderbrand, 416 P. 2d 8 (Alaska 1966).

5. On application for writ of error the Supreme Court of Texas stated as follows (384 S.W.2d 123):

Our refusal to grant this application for writ of error is not to be taken as approving the construction given by the Court of Civil Appeals to Section 47 Article 6701d, Vernon's Ann.Tex. Civ.St. Hence, the application for writ of error is Refused, No Reversible Error. Texas Rules of Civil Procedure, Rule 483; see: Brown & Root, Inc. v. Haddad, 142 Tex. 624, 180 S.W.2d 339.

ding the use in evidence of accident reports applied only to reports required to be filed by parties involved in an accident, and that the statute did not require, as it does in Alaska, that the officer make a report.

Finally, the cases of Friesen v. Schmelzel,[6] Murphy v. City of Waterloo,[7] and Austin v. Portland Traction Co.[8] are inapposite. In none of those cases was there involved, as there is here, a statutory prohibition against the use in evidence of accident reports made either by a party to the accident or by an investigating police officer.

We are of the opinion that the trial court was correct in holding that under AS 28.-35.120 the investigating officer's written report of the accident was not admissible in evidence. The judgment is affirmed.

6. 78 Wyo. 1, 318 P.2d 368, 370–371 (1957).

7. 255 Iowa 557, 123 N.W.2d 49, 57–58 (1963).

8. 181 Or. 470, 182 P.2d 412, 415 (1947).