INZER, Justice.
This is an appeal by Robert Lynn Young from a judgment of the Circuit Court of Union County wherein that court entered a judgment in favor of appellee, Prince Albert Cameron, in the amount of $5,000 for personal injuries and property damage. We affirm.
Appellee is a 42 year old Negro who suffered serious and permanent injuries when his 1953 Plymouth automobile was struck by *316 a truck owned and operated by appellant. The collision occurred at approximately 8:00 A.M. on November 24, 1964, in front of Ledbetter’s Store about two miles north of New Albany on Highway 15. Appellee was driving north on the highway on his way to the store to get gasoline. When he reached a point in front of the store he pulled off the highway to the right and stopped to let out a passenger. After he let the passenger out, appellee noticed the truck driven by appellant approaching from the north approximately one-fourth mile away. He then waited for another truck which was “right close behind me” to pass, and then turned left and drove across the highway into the driveway of Ledbetter’s Store. According to his testimony he had completely crossed the highway and had stopped his car approximately ten feet from the edge of the pavement when it was struck on the right side by the truck driven by appellant. The force of the collision skidded the car sideways into the side of a bank; the truck stopped on top of the bank against a tree.
According to appellant’s version of the collision he was driving his truck, loaded with about 32,000 pounds of metal, south on the highway. As he came over the crest of a hill, about one-fourth mile north of the store, he had his truck in eighth gear. He shifted into ninth gear and when his truck reached a speed of 50 miles per hour, he shifted into tenth, or high gear. He stated that he then pressed down on the gas but that his truck did not exceed 50 miles per hour, although it was loaded and going downhill at the time. When he was about one-half way down the hill, he saw appellee’s car stopped on the side of the highway. He met a truck just before he got to the store and as that truck passed, he looked in his mirror. When he looked back appellee had started across the road but was not going very fast. Appellant then applied his brakes and tried to go around the car on the right but appellee did not stop and he was unable to avoid striking the car which he said was on the edge of the pavement on-the west side of the highway.
Appellant’s first contention is that the trial court was in error in overruling his motion for a new trial for the reason that' the verdict of the jury was contrary to the overwhelming weight of the evidence. He argues that the testimony shows that appel-lee negligently drove his car across the highway in the face of the oncoming truck, thus confronting appellant with a sudden emergency which he made a reasonable effort to avoid. The trial court correctly submitted this issue to the jury, instructing them if they believed that appellant was confronted with a sudden emergency, not of his own making, and that he applied his brakes and turned to the right to avoid the collision and that such action was a reasonable effort to avoid collision, then they should find for appellant, even though they might believe that if appellant had turned to the left he would have avoided the collision. They were also instructed that appellee was guilty of negligence in driving his vehicle across the highway in the face of oncoming traffic and that if this negligence was the sole proximate cause of this accident, they should find for the appellant. The court left to the jury the question of whether the appellant was guilty of any negligence that contributed to the accident. We are of the opinion that under the circumstances of this case the jury could have found that appellant failed to have his vehicle under proper control. Indeed, they could have inferred from appellant’s own testimony that he was exceeding the speed limit at the time the emergency arose. For these reasons the trial court correctly held that the verdict of the jury was not against the overwhelming weight of the evidence, and correctly overruled appellant’s motion for a new trial.
Appellant urges that instruction number one granted appellee is erroneous and constitutes reversible error. While the instruction complained of certainly is not a model instruction and is ineptly drawn, it is not, when read as a whole, a peremptory instruction as appellant contends. Neither is it in conflict with the instructions granted at the request of appellant. It was an attempt by appellee to present his theory of *317 the case; it informed the jury that if appel-lee’s car was on the gravel portion of the driveway in front of the store at the time it was struck and if the negligence of appellant contributed to the collision then the jury should find for appellee. The form of the instruction makes it somewhat confusing, but when all the instructions are read and considered together, we do not think the jury was misled by it. In any event, we cannot say that the judgment in this case has resulted in a miscarriage of justice, and therefore, any error in this regard is not reversible. Miss. Rule 11; Boyd v. Donald, 250 Miss. 618, 167 So.2d 661 (1964).
We find no merit in the other assignments of error, one of which was that the trial court was in error in permitting ap-pellee to offer evidence in regard to speed and in giving an instruction on speed when speeding was not charged in this declaration. One of the charges of negligence in the declaration was that appellant was negligent in failing to keep his vehicle under proper control. Moreover, the evidence relative to speeding came to light during the cross examination of appellant, so that it was appellant’s own testimony which gave rise to the motion of appellee to amend his declaration to charge appellant with speeding. The trial court did not abuse its discretion in allowing appellee to amend his declaration to conform to this proof. The charge that appellant failed to keep his vehicle under proper control is broad enough to encompass the speed at which appellant was driving prior to the accident. Speed was a proper subject for cross examination and appellant is hardly in a position to claim surprise arising out of and from his own testimony. We do not doubt that appellant’s counsel was surprised by their client’s testimony, but this was not a circumstance over which the trial court had any control and is not a matter for consideration by this Court. Furthermore, appellant placed in issue the question of speed when he alleged in his answer that immediately prior to the collision he was driving at a reasonable rate of speed. In view of these circumstances, we do not reach the question raised in the briefs relative to whose responsibility it was to designate for inclusion in the record on appeal the order of the court allowing the amendment to the declaration, if such order was entered.
A careful consideration of the whole record in this case convinces us that this is another case that the jury decided from conflicting evidence and we find no substantial reason to disturb their verdict. Therefore, this case is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, SMITH and ROBERTSON, JJ., concur.