Howard CREARY, Appellant,

v.

STATE of Alaska, Appellee.

Harold McGRADY, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 6777, 6778.

Court of Appeals of Alaska.

May 13, 1983.

Edward L. Garnett, Kenai, for appellants.

James L. Hanley, Asst. Dist. Atty., Thomas Wardell, Dist. Atty., Kenai, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

The two cases consolidated in this appeal involve the interpretation of the Alaska statutes which require drivers involved in motor vehicle accidents to make certain reports concerning the accidents. AS 28.35.-080–.120. Specifically, appellants Creary and McGrady object to the admission into evidence of statements which they made to an Alaska State Trooper in which they admitted the fact that they were driving the vehicles which were involved in an accident. Creary and McGrady claim that they were required to make the statements admitting that they drove the vehicles in question because of AS 28.35.080–.120. Therefore they assert that their statements should not have been admissible against them because of AS 28.35.120, which provides that "[n]o report made in accordance with this chapter may be used in evidence in a criminal or civil action arising out of the accident that is the subject of the report." They also argue that AS 28.35.080–.120 required them to report the fact that they were driving the vehicles in question or face criminal penalties. Therefore they contend that admitting these statements into evidence required them to incriminate themselves in violation of the fifth amendment to the United States Constitution and article 1, § 9 of the Alaska Constitution. We affirm the appellants' convictions for the reasons stated *infra*.

The state and the appellants have stipulated to the factual background of the cases.

### State v. Creary

At or about 7:45 p.m. on October 24, 1981, there was an accident at Mile 105 of the Sterling Highway (approximately seven miles south of Soldotna). Creary was taken to the hospital in Soldotna. Trooper Leichliter was dispatched to the accident scene. As part of his accident investigation, he interviewed Creary in the emergency room at the hospital while Creary was undergoing emergency treatment. Trooper Leichliter advised Creary with a *Miranda* warning that whatever he told him could be used against him in court. He then proceeded to ask Creary questions concerning the accident, and more specifically, whether Creary was driving the pickup that was involved in the accident. Creary replied that he was driving the vehicle.

On October 29, 1981, five days after the accident, the state issued a misdemeanor criminal complaint against Creary, charging him under AS 28.35.030 with driving while intoxicated. The complaint stated in part:

> [T]hat on or about the 24th day of October, 1981, at or near Soldotna, in the Third Judicial District, State of Alaska, Howard Creary did unlawfully operate a motor vehicle while intoxicated.

The case was tried before a jury. During the course of the state's case-in-chief, Trooper Leichliter was asked by the district attorney to identify the person who was driving the pickup that was involved in the accident. Creary objected to the question on the grounds that AS 28.35.120 precluded the use of accident reports as evidence in any criminal or civil trial; that the information given to an officer in the course of his investigation of an accident is privileged. The court overruled Creary's objection and Trooper Leichliter testified that Creary told him that he was driving the pickup.

### State v. McGrady

On November 24, 1981, at or about 4:00 p.m. there was an accident at approximately Mile 18.2 of the Kenai Spur Highway. The accident involved a pickup truck and a road grader.

On December 3, 1981, Trooper Leichliter went to McGrady's home for the purpose of investigating the accident. At McGrady's residence, Trooper Leichliter did not give McGrady the *Miranda* warning, or any other warning. He asked McGrady about the November 24, 1981 accident, and more specifically, who was driving the road grader

that was involved in the accident. McGrady replied that he was driving the road grader.

On December 21, 1981, almost a month after the accident, the state filed a complaint against McGrady charging him with negligent driving under AS 28.35.045(a). The complaint stated in part:

> HAROLD McGRADY did unlawfully operate a motor vehicle, to-wit: a road grader, in the State of Alaska, to-wit: mile post 18 Kenai Spur Highway, in a negligent manner....

Judge Charles Cranston tried the case without a jury. The only evidence at trial to establish that McGrady was operating the road grader was given when Trooper Leichliter was asked by the district attorney on direct examination who was driving the road grader that was involved in the accident. McGrady objected to the question on the grounds that AS 28.35.120 precluded the use of accident reports as evidence in any criminal or civil trial; that the information given to an officer in the course of his investigation of an accident is privileged. The court overruled McGrady's objection and Trooper Leichliter testified that McGrady told him that he was the driver of the road grader.

### DISCUSSION

The statute which requires the accident report is AS 28.35.080. It reads in relevant part:

> *Immediate notice of accident.* (a) The driver of a vehicle involved in an accident resulting in bodily injury to or death of a person or total property damage to an apparent extent of $500 or more shall immediately by the quickest means of communication give notice of the accident to the local police department if the accident occurs within a municipality, otherwise to the Department of Public Safety.
>
> (b) The driver of a vehicle involved in an accident resulting in bodily injury to or death of a person or total property damage to an apparent extent of $500 or more shall, within 10 days after the accident, forward a written report of the accident to the Department of Public Safety and to the local police department if the accident occurs within a municipality. No report is required under this subsection if the accident is investigated by a peace officer.

\*　　\*　　\*　　\*　　\*　　\*

> (e) Every law enforcement officer who, in the regular course of duty, investigates a motor vehicle accident for which a report must be made, either at the time of and at the scene of the accident or thereafter by interviewing the participants or witnesses, shall, within 24 hours after completing the investigation, forward a written report of the accident to the Department of Public Safety.

In several civil cases the Supreme Court of Alaska has interpreted the language of AS 28.35.120, which states that "[n]o report made in accordance with this chapter may be used in evidence in a civil or criminal action arising out of the accident that is the subject of the report." We interpret those cases as providing that a written report itself is generally inadmissible, but that the police officer who investigates the accident may testify to the observations which he made in preparing the report. *See Kaps Transport, Inc. v. Henry,* 572 P.2d 72, 74–75 (Alaska 1977); *Adkins v. Lester,* 530 P.2d 11, 16–17 (Alaska 1974); *Menard v. Acevedo,* 418 P.2d 766, 768–69 (Alaska 1966). We believe that the officer's observations would include any statements which were made to him in the course of the investigation that were otherwise admissible, including the statement of a defendant. We therefore reject the appellants' claim that AS 28.35.120 prohibits the testimony in question in these cases.

We now turn to appellants' argument that their admissions that they were driving the vehicles in question were compelled by AS 28.35.080, and that therefore the evidence was inadmissible under the fifth amendment to the United States Constitution and article 1, § 9 of the Alaska Constitution.

In *California v. Byers*, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971), the United States Supreme Court upheld a California hit and run statute. The statute required the driver of a motor vehicle involved in an accident resulting in damage to any property to stop at the scene and give his name and address. Five members of the court, although not agreeing on an opinion, agreed that the California hit and run statute did not violate the fifth amendment to the United States Constitution and that a motorist could be convicted for failure to provide the information required under the statute. The policy arguments behind the decision appear to be based on the fact that the purpose of the statute is not to compel drivers to incriminate themselves but rather to provide for a way of allowing people to civilly recover for damages caused by motor vehicle accidents. The court held that this required reporting, essentially neutral on its face and similar to the type of reporting that is required on tax returns, was based upon a very important state interest which was not in conflict with the fifth amendment.

■ We interpret AS 28.35.080 as merely requiring a person who is involved in an accident covered by the statute to give notice of the accident to the appropriate police department. AS 28.35.080(a). One of the

purposes of the statute appears to be to ensure that the police are promptly informed of serious accidents so that they can render assistance. The statute also requires the driver to file a written report after the accident. AS 28.35.080(b). However the driver does not have to file a written report if a police officer investigates the accident. *Id.* We do not interpret the statute as requiring the driver to report anything more than the fact of the accident to the police officer who investigates the accident.[1] Under the statutory scheme, once the driver of the vehicle involved in the accident reports that the accident has happened, his responsibility under that statute ends if a police officer investigates the accident. The responsibility then falls on the police officer to file the accident report. The statute does not require the driver to give any further information; he can be penalized only for giving false information. AS 28.35.110. Thus the driver is not required to give any information which might be incriminating to comply with the statute.[2]

■ We conclude that the reporting requirements of AS 28.35.080 are not in conflict with the fifth amendment or article I, § 9, following the reasoning of *California v. Byers*.[3] To the extent that the defendants'

1. Our decision is not intended to interpret AS 28.35.080(b) in the situation where a police officer does not investigate the accident and the driver of a motor vehicle involved in an accident is required to file a report under that provision.

2. Appellants argue that AS 28.35.100 requires a person in an accident to report that he was the driver. That statute reads:

   *Form of reports.* (a) The Department of Public Safety shall prepare and upon request supply to police departments, coroners, local police officers, garages and other suitable agencies or individuals, forms for accident reports. The written reports by persons involved in accidents and by investigating officers shall require sufficiently detailed information to disclose the cause of the accident, conditions existing at the time of the accident, and *the persons and vehicles involved.*

   (b) Every accident report required to be made in writing shall be made on the appropriate form approved by the department and

shall contain all of the information required unless not available. [Emphasis supplied.].
   Since AS 28.35.080(b) requires the law enforcement officer who investigates the accident to make the report and since the statute does not provide any penalties for failing to answer questions which the officer asks, we do not interpret the statute as requiring a person involved in an accident to answer any incriminating questions which are asked by the investigating officer.

3. The only required report, in the event that a police officer investigates the accident, is for the driver to report that the accident happened. This reporting requirement does not appear to be designed to obtain incriminating information but to require a person involved in an accident to inform the police of that accident so that the police can provide prompt assistance. We recognize that this reporting requirement certainly may cause a person to give information to the police which is incriminating or which may lead to other incriminating information. How-

statements went beyond what AS 28.35.080 required, they were not compelled by the statute. Therefore the testimony was not admitted into evidence in violation of defendants' constitutional rights.[4]

The convictions are AFFIRMED.

ever requiring the report appears to be supported by sound social policy and is well within the kind of report which the state may require under *California v. Byers.*

4. We note that neither of the defendants testified that they felt compelled to answer because of any misinterpretation of their duties under AS 28.35.080.